WILLIAM R. MANSFIELD, APPELLEE AND CROSS-APPELLANT,
v. FARMERS STATE BANK OF CRAIG, CROSS-APPELLEE:
EVERETT J. MARTIN, APPELLANT.

FILED OCTOBER 7, 1924.    No. 22794.

Appeal: INCONSISTENT VERDICT. "A verdict in favor of one de-
fendant and against another, based upon conflicting evidence,
which is the same as to both defendants, cannot be permitted to
stand as to either." *Gerner v. Yates*, 61 Neb. 100.

APPEAL from the district court for Burt county: L. B.
DAY, JUDGE. *Reversed.*

*J. A. Singhaus* and *Smith, Schall, Howell, Howard &
Sheehan*, for appellant.

*North & Pollock, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMP-
SON, JJ. and REDICK, District Judge.

MORRISSEY, C. J.

Plaintiff filed a petition in which he alleged he had suffered
damages in the sum of $10,000 by reason of false and
fraudulent representations made by defendants, the Farm-
ers State Bank of Craig and Everett J. Martin, its cashier
and managing officer. It charged that on July 19, 1919,
plaintiff was a farmer engaged in work upon his premises
when he was visited by defendant Martin and certain rep-
resentatives of a corporation then doing business under
the name of the Missouri Valley Cattle Loan Company.
These parties are alleged to have made to him false and
fraudulent representations, which are set out in detail in
the petition, as to the business of the corporation just men-
tioned and as to the value of its shares of capital stock. It is
alleged that the plaintiff relied upon these representations,
and, so relying, purchased capital stock of the corporation
of the par value of $10,000; that in payment thereof he
executed one promissory note in the sum of $5,000 payable
to the corporation, and executed a second note in the sum
of $2,500, payable to the defendant bank, and executed and

delivered his check in the sum of $2,500 which was cashed in due course of business and charged against his account; that, the capital stock purchased was of no value, and that because of the fraud and deceit practiced upon him he was damaged in the sum of $10,000.

Many of the allegations made are either admitted in the pleadings or stipulated to be true. Among these it is admitted that plaintiff executed the notes and the check, and delivered them as alleged, and that the stock was without value. The record appears to show also that the note for $5,000 payable to the Missouri Valley Cattle Loan Company, has not been paid, is past due, and is still in the hands of the payee, which is a bankrupt, and any defense on the grounds of fraud such as outlined in the petition in this case will be available to plaintiff in case suit is brought upon that note. The check for $2,500 had been paid and that amount had been wholly lost to the plaintiff. The note for $2,500 which was made payable to the defendant bank had been renewed after payment of some interest, and a note for a like amount had been executed to the same bank, and was then due and unpaid. The proof showed that defendant bank had purchased the original note through its managing officer, defendant Martin, and had paid the full face value therefor.

At the close of the testimony, defendant bank on motion of its attorney was dismissed out of the case so far as any liability for any false representations it had made was concerned; but it had filed an answer and cross-petition and prayed judgment on the unpaid note which it then held and the court submitted to the jury the question whether or not the bank should recover on the note. In other words, the jury were left to determine whether or not the bank was a good faith purchaser of the note, and the jury found in favor of the bank on this issue.

Defendant Martin, at the close of the testimony, requested the court to direct a verdict in his favor. This motion was overruled and the court left the jury to determine from all the evidence whether or not Martin, as one of the alleged

coconspirators, had been guilty of making the false and fraudulent representations which induced plaintiff to make the investment whereby he suffered the loss alleged. The jury returned a verdict finding against Martin on the issue of fraud and assessed the amount of plaintiff's recovery as against him in the sum of $5,000. Defendant Martin has appealed from the judgment entered against him, and plaintiff has filed a cross-appeal from the judgment entered in favor of defendant bank.

Several assignments of error are made by appellant Martin because of the judgment entered against him, while plaintiff, as cross-appellant, makes assignments of error because of the judgment entered against him and in favor of the bank. We shall first take up the appeal of appellant Martin. What seems to be the controlling assignment deals with the verdict and alleges that it is inconsistent with itself. Plaintiff's cause of action, as will be noted from what has already been said, rests upon the fraud alleged to have been practiced upon him by those who induced him to purchase the shares of stock in the Missouri Valley Cattle Loan Company and to give his promissory note and check in payment therefor. It is conceded that during the time when the various transactions occurred defendant Martin was the majority stockholder and managing officer of defendant bank. The allegations of plaintiff's pleadings charging Martin with participation in the fraud and alleging that the bank was not a good faith holder of the note were denied by these defendants. The proof of plaintiff on the one hand and of defendants on the other is in irreconcilable conflict. On this conflicting evidence the effect of the verdict is to find that Martin perpetrated the fraud as alleged and that he consciously assisted in inducing plaintiff to make and deliver his notes and check for the worthless stock of the Missouri Valley Cattle Loan Company. Having made this finding, which they might well do under the evidence, the jury made a finding as to the bank which is wholly inconsistent with the finding as to Martin. The jury found that the bank was an innocent

holder in due course. These findings cannot both be right. Martin was not guilty of the fraud or the bank was not an innocent holder in due course. The knowledge of Martin as to the fraud would be the knowledge of the bank, and, conversely, if the bank was an innocent holder of the note, Martin was not a participant in the fraud. The verdict cannot be reconciled with itself.

"A verdict in favor of one defendant and against another, based upon conflicting evidence, which is the same as to both defendants, cannot be permitted to stand as to either." *Gerner v. Yates*, 61 Neb. 100. See, also, *Zitnik v. Union P. R. Co.*, 91 Neb. 679.

On behalf of cross-appellant, a number of propositions of law have been advanced, but they are not tenable under the condition of the record. The main point urged is covered in the opinion filed herewith in *Farmers State Bank v. Lydick*, p. 586, *post*.

It is unnecessary to discuss the other assignments as the case must be tried again and they are not likely to arise on the second trial.

Reversed and remanded generally on all the issues presented on the pleadings.

REVERSED.

Note—See Trial, 38 Cyc. p. 1883.