JOHN W. KELSO, APPELLEE, V. SEWARD COUNTY, APPELLEE: STANDARD BRIDGE COMPANY, APPELLANT.

FILED JUNE 1, 1928. No. 25685.

*John W. Battin* and C. A. Sorensen, for appellant.

*Claude S. Wilson, Thomas, Vail & Stoner, Roy F. Gilkeson, Hymen Rosenberg, McKillip & Barth* and *Albert S. Johnston, contra.*

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON, EBERLY and HOWELL, JJ., and REDICK and WHEELER, District Judges.

WHEELER, District Judge.
The action was brought to recover damages to plaintiff's

motor car and for personal injuries sustained from driving into an excavation on the public highway a few miles north of Seward, Nebraska.

The defendant Standard Bridge Company, by contract with the defendant Seward county, was engaged in the construction of a new bridge. The new bridge was several feet shorter than the old one and during the construction operations an excavation eight or ten feet wide and about eight feet deep extended across the highway on both ends of the bridge. The defendant had provided a detour around the bridge, erected a barricade across the highway at each end and hung a red lantern on the bridge. About 4 o'clock on the morning of October 4, 1924, the plaintiff, driving his Maxwell car in a southerly direction, plunged into the excavation. The barricade was down; the warning lantern on the bridge was out. The question of defendant's care in erecting and maintaining suitable barricades and warning signals was submitted to the jury under proper instructions. Plaintiff recovered a verdict of $1,500 against the defendant Standard Bridge Company, but failed to recover against Seward county. The verdict is amply supported by the evidence as to damage to plaintiff's car, personal injuries actually sustained, negligence on the part of the defendant, and lack of negligence on plaintiff's part.

We were not favored with an oral argument. The negligence of defendant is not seriously controverted in defendant's brief, but the errors relied on for reversal in defendant's brief are: (1) The inconsistency of the verdict as being against the bridge company only, and not against the county; (2) the wording of the court's instruction on comparative negligence.

It is argued that the obligation of maintaining a safe highway, of keeping barricades up and warning signals lighted, rested equally upon the county and the bridge contractor, and that the jury could not consistently find negligence on the part of the bridge contractor, and not on the part of the county. The evidence is ample to sustain

a verdict against the county, had the jury rendered one. It would seem that defendant bridge company could not object merely because there was no verdict rendered against the codefendant, Seward county. Plaintiff could object, but did not. In *Cleland v. Anderson*, 66 Neb. 252, we held that, while a plaintiff could complain of a verdict as inconsistent in holding one of several joint defendants liable, the defendants could not. This seems logical, but we strayed from this doctrine in *Gerner v. Yates*, 61 Neb. 100, and in *Mansfield v. Farmers State Bank*, 112 Neb. 583. The point, however, is immaterial to the correct determination of this action. The contract between Seward county and the Standard Bridge Company, erroneously refused admission as evidence, is attached to the record and shows that the defendant Standard Bridge Company contracted to hold Seward county harmless from any claim for damages brought in consequence of any neglect to safeguard the work. Even if the verdict had been against both defendants, under its contract with Seward county, the defendant bridge company would have been obligated to pay it. The contract should have been admitted in evidence. The jury reached the same conclusion as would have been reached had judgment been obtained against both defendants and Seward county been required to sue the defendant bridge company on the contract. There is no need of "going around Robin Hood's barn" to reach the correct conclusion. The judgment in this case as it now stands is right.

The other complaint is the wording of the court's instruction No. 17 on comparative negligence. It is almost impossible to frame an instruction in such language that exception cannot be taken to it. Reasonably astute counsel can find as many faults with an instruction as with an abstract, but no case should be reversed unless the instruction is actually misleading. In the case at bar no better instruction was submitted by the defendants on the question of comparative negligence.

The comparative negligence statute, section 8834, Comp. St. 1922, reads as follows:

"In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury."

The court's instruction No. 17 covering the subject reads as follows:

"The law is, however, that the contributory negligence of the plaintiff shall not bar him of his recovery in case his contributory negligence is slight and that of the defendants gross in comparison, but in such cases the contributory negligence of the plaintiff, if any such is proved, shall be considered by the jury in mitigation of damages in proportion to the contributory negligence attributable to him. If, therefore, you find and believe, from the evidence that the defendants were guilty of negligence proximately causing the accident, and that the plaintiff was negligent too, and negligent in a way that contributed to the accident as a proximate cause, but that the contributory negligence of the plaintiff was slight and the negligence of the defendants was gross in comparison, you may yet properly find for the plaintiff, but in arriving at the amount of his recovery you should consider the contributory negligence of the plaintiff in mitigation of his damages in proportion to the amount of contributory negligence attributable to him."

The court's instruction is an approximately correct exposition of the statute. It is true that it omits to stress the proposition that, if the negligence of the defendants falls in any degree short of gross negligence under the circum-

stances, the contributory negligence of the plaintiff, however slight, will defeat a recovery, which this court has approved in *Morrison v. Scotts Bluff County*, 104 Neb. 254, and *Mitchell v. Missouri P. R. Co.*, 114 Neb. 72. The court's instructions were couched in such terms as to convey a correct meaning of an abstruse statute to an ordinary juryman. The omission of a further dilation upon slight and gross negligence was, we think, immaterial in the jury's determination of the issues. No substantial miscarriage of justice has actually occurred. The error, if any, was immaterial and should be disregarded.

The judgment being so well substantiated by the evidence, and no material errors appearing in the record, it should be affirmed without further delay.

AFFIRMED.