ALICE L. PEARSON, ADMINISTRATRIX OF THE ESTATE OF
MAGNUS A. PEARSON, DECEASED, APPELLANT, V. CHARLES
E. SCHULER ET AL., APPELLEES.

109 N. W. 2d 537

Filed June 9, 1961. No. 34958.

*E. L. Vogeltanz*, for appellant.

*Leo F. Clinch, A. Paul Johnson*, and *Baylor, Evnen, Baylor & Urbom*, for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

This is an action brought by Alice L. Pearson as administratrix of the estate of Magnus A. Pearson, appellant herein and plaintiff below, against Charles E. Schuler and George Mulligan, appellees and defendants below, for the wrongful death of the deceased Magnus A. Pearson. The parties will be designated as they were in the trial court.

The plaintiff's petition alleges the death of plaintiff's decedent on December 8, 1959, in a collision between a Ford automobile driven by one Dorsey and a Mack truck loaded with gravel driven by defendant Schuler through the negligence of said Schuler in driving into said Ford; in failing to slacken his speed; in failing to apply his brakes; in driving said truck to the left side of the road and off the highway; and in other specified acts of negligence. The petition made the defendant Mulligan a party, alleging that he was the employer of the defendant Schuler and that Schuler was, at the time of the accident, working for Mulligan who was responsible as employer for Schuler's acts.

The defendant Mulligan filed his separate answer denying all the allegations of the petition except the death of the decedent.

Defendant Schuler's answer was a general denial. It admitted, however, the collision between the Mack truck of the defendant and the Ford automobile in which the deceased was riding; and alleged that the proximate cause of the accident was the negligence of the driver of the Ford automobile in failing to maintain a proper lookout and failing to yield the right-of-way, and in driving while under the influence of intoxicating liquor; that the plaintiff's deceased was guilty of contributory negligence in failing to maintain a proper lookout and in riding with a driver whom he knew had been drinking and was under the influence of intoxicants; that deceased was under the influence of intoxicating liquor and failed to warn the driver of the danger; and that

all the occupants were engaged in a joint enterprise and that the negligence of the driver was imputed to the deceased.

The reply was a general denial.

At the conclusion of the plaintiff's evidence the defendant Mulligan moved for a directed verdict on the ground that the evidence showed that Schuler was not an employee of Mulligan but was a self-employed subcontractor. The motion was sustained and Mulligan was dismissed from the action.

The cause thereupon went to the jury on the issues between plaintiff and defendant Schuler. The jury found for the defendant Schuler and that plaintiff had no cause of action. Judgment was entered accordingly. Plaintiff filed a motion for new trial and upon the overruling thereof perfected an appeal to this court.

The collision which forms the basis of this action occurred about 3:40 p.m., on December 4, 1959. It happened about a half mile south of Burwell in Garfield County. At that point State Highway No. 91 runs east and west. It is intersected by a county highway from the south which is extended on the north by the Burwell spur. The spur and county highway form one road, running north and south at right angles to Highway No. 91. The weather was clear and dry and both highways were level for some distance. The plaintiff's decedent was riding in a Ford sedan owned and operated by Knight L. Dorsey. In the car also were Earl Drake and Edward Lee. They had come from Arcadia and were driving north on the county highway approaching its intersection with Highway No. 91. There was a stop sign at the junction of the state and county highways on the south side of Highway No. 91, stopping the traffic on the county highway. The defendant Schuler was driving a Mack truck in an easterly direction on the state highway approaching the same intersection from the west. He was pulling a semi-trailer loaded with gravel. The tractor-trailer gravel truck was about 40

feet long. This truck had been passed and was preceded by a car driven by one Howard A. Jones. He was traveling eastward also and was going about 45 miles an hour. Jones' car turned to the left or north on the Burwell spur and was about 2 blocks ahead of the truck when it turned. As the truck of defendant continued eastward the Dorsey car in which Pearson was riding came from the south towards the intersection. It stopped near the stop sign on the south side of Highway No. 91. The Dorsey car, however, when the truck was about 250 feet west of the intersection, started to move forward. According to his testimony, Schuler sounded the horn when his truck was about 250 feet west of the intersection. He says this was when he first saw the Dorsey car. It was a loud horn which attracted the attention of Jones who looked around as he thought it was a train whistle. He testified the horn sounded a long time. The Dorsey car proceeded forward. When the front of this car had moved north to the south edge of the blacktop on Highway No. 91, Schuler applied his brakes and swerved to the left. The truck was then about 75 feet west of the Dorsey car. The brakes apparently then took hold and were kept on until the accident. The Dorsey car came onto Highway No. 91 at around 4 miles an hour and gained momentum. When the collision occurred it had increased to 15 or 20 miles an hour. It did not turn but went straight north through the intersection. There is some testimony to the effect that it slowed down and then came on again, and other testimony that it continued to gain speed steadily. The truck continued to curve to its left. The collision occurred between 10 and 25 feet north of the north edge of the blacktop on Highway No. 91. The traveled portion of Highway No. 91 was 22 feet wide from one edge to the other. The truck left 87 feet of skidmarks which curved in an arc from the south half of the highway to the point of impact. The front of the truck collided with about the center of the Dorsey car. Schuler was thrown

forward and up and off the brakes. Pearson died December 8, 1959.

The occupants of the Dorsey car had come that afternoon from Arcadia, Nebraska. They were going to a cattle sale at Burwell. Earl Drake had purchased a pint of whiskey and a pint of peppermint schnapps which were taken along with them. Dorsey had had a bottle of beer before leaving. They mixed drinks while driving. They stopped in the country 8 or 9 miles out of Arcadia and mixed a drink. When taken to the hospital the doctor smelled liquor on the breath of both Pearson and Dorsey. The whiskey and schnapps bottles were found in the wreckage with the seals broken.

At the time of the accident Drake sat in the back seat of the car. He and Lee looked toward the east and said it was all right there. Then Drake said, "There comes a truck, Knight."

The testimony in regard to the relation between Mulligan and Schuler seems not to be subject to any disagreement. Mulligan owned a gravel pit and sold gravel to Garfield County and had done so from time to time for 5 years. The contract with the county was oral. There was a fixed price and the county obtained the gravel as it was needed. The defendant Mulligan filed claims for the gravel with the county. Schuler hauled the gravel. Mulligan paid him 6 cents a yard-mile one way. He was hauling from Mulligan's pit on that day to the "Zalud" road northeast of Burwell. The best way to get to this road was east on Highway No. 91 through this intersection. Schuler could work whenever he wanted to. It was Schuler's truck. He furnished all the maintenance and Mulligan had nothing to say about how he operated and paid no part of the expense of hauling. Mulligan did not deduct withholding tax or social security. He kept no accounts in which Schuler was designated as an employee on his books. Neither did he designate Schuler an employee on his federal income tax or other federal reports. He gave no

directions concerning the hauling of this gravel. The county would tell the trucker where to haul it.

Plaintiff assigns as an error the ruling of the trial court in sustaining the motion of defendant Mulligan for a directed verdict. The evidence just summarized in the preceding paragraph would seem to require that ruling. There was none to the contrary.

In Reeder v. Kimball Laundry, 129 Neb. 306, 261 N. W. 562, this court said: " 'The true test of a "contractor" would seem to be, that he renders the service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. * * * The one indispensable element to his character as an independent contractor is that he must have contracted to do a specified work and have the right to control the mode and manner of doing it.' 1 Shearman and Redfield, Law of Negligence (6th ed.) 395, sec. 164." The cited case was one where it was sought to hold as an employee one who hauled coal from a car to bins at a certain rate per ton, and who worked when he chose and directed the manner of doing the work. The court held him to be an independent contractor. We think the essential facts were much like those before us.

In Snodgrass v. City of Holdrege, 166 Neb. 329, 89 N. W. 2d 66, it was said: " 'An independent contractor is generally distinguished from an employee as being a workman who contracts to do a particular piece of work according to his own method, and is not subject to the control of his employer, except as to the results of the work.' " These are but examples of several cases where in similar situations we have held the relationship to be that of an independent contractor.

In the case before us we do not see how the court below could have held otherwise. There was no other distinctly different negligence attributed or claimed against Mulligan. He was merely alleged to have been liable as an employer. The proof in this clearly shows

otherwise and the court properly sustained the motion for a directed verdict. Hines v. Martel Telephone Co., 127 Neb. 398, 255 N. W. 233.

The plaintiff claims that the court erred in not sustaining the motion of the plaintiff for a judgment notwithstanding the verdict. However, the plaintiff at no time made any motion for a directed verdict in her favor. In Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405, we said: "Here it should be said that defendant made no prerequisite motion for directed verdict either at conclusion of plaintiff's evidence or at conclusion of all the evidence. In In re Estate of Kinsey, 152 Neb. 95, 40 N. W. 2d 526, we held that: 'Under section 25-1315.02, R. R. S. 1943, a motion for directed verdict is an absolute prerequisite to a motion for judgment notwithstanding the verdict, and the trial court cannot, either upon its own motion or upon motion for judgment notwithstanding the verdict, set aside a verdict and enter a judgment notwithstanding the verdict, where no preliminary motion for a directed verdict has been made.' "

Under the circumstances, this assignment of error cannot be sustained.

A further assignment states that the court erred in giving instruction No. 5 in that the court failed to definitely define negligence, and the jury would have to assume that if decedent was guilty of any negligence, plaintiff could not recover. Instruction No. 5 is as follows: "The burden of proof is upon the plaintiff to establish, by a preponderance of the evidence, all of the material allegations of her amended petition.

"If the jury finds that the evidence bearing upon any one or more of the material allegations of the amended petition is evenly balanced or that it preponderates in favor of the defendant, then the plaintiff cannot recover and the jury should find for the defendant.

"If, however, the plaintiff has proven all of the material allegations of her amended petition, by a prepon-

derance of the evidence, and you further find that the plaintiff's decedent was not guilty of negligence which contributed to his injuries, then plaintiff will be entitled to recover such damages as she has shown, by a preponderance of the evidence, to have sustained by reason of the negligence of the defendant.

"If, however, you find, from a preponderance of the evidence that the plaintiff's decedent was guilty of negligence which contributed to his injuries, then plaintiff's right to recover will be governed by Instruction No. 6."

This instruction by its terms refers to instruction No. 6, which reads as follows: "If you find both parties were negligent, the plaintiff cannot recover if upon comparison of plaintiff's decedent's negligence with that of the defendant you find plaintiff's decedent's negligence was more than slight or the negligence of the defendant less than gross.

"If you find both parties were negligent, and that the negligence of the plaintiff's decedent was slight and the negligence of the defendant was gross in comparison, plaintiff may recover from defendant, but is then your duty to deduct from the whole amount of the damages, if any, sustained by decedent's next of kin such proportion thereof as the negligence chargeable to him bears to the entire negligence as shown by the evidence, and return a verdict for the balance only."

We have examined both instruction No. 5 and instruction No. 6, which are set out in full above. We can find no error in them. They would appear to state the law properly. By instruction No. 4 which we do not set out in full here, negligence, preponderance of the evidence, proximate cause, slight negligence, gross negligence, and contributory negligence were all defined and explained. We cannot find any error in those definitions or explanations either. Obviously every instruction cannot be complete on the whole subject dealt with. This court has held repeatedly that instructions must be con-

strued together, and if when construed as a whole they properly state the law, they are sufficient. Fridley v. Brush, 161 Neb. 318, 73 N. W. 2d 376.

Instructions Nos. 5 and 6, when taken together, fairly state the rule of comparative negligence as set out in section 25-1151, R. R. S. 1943. They explain the substance of this statute much clearer than instructions which have been approved by this court. Kelso v. Seward County, 117 Neb. 136, 219 N. W. 843; Patterson v. Kerr, 127 Neb. 73, 254 N. W. 704. The definitions of the different kinds of negligence appear proper. When construed together we can find no error in them.

Plaintiff also contends that the court erred "in giving instruction No. 7 and stating that Dorsey's negligence would preclude recovery by plaintiff."

The appellant in her brief cites cases the purport of which are that, generally speaking, the negligence of the driver is not imputed to the guest. This is the general rule. It however does not apply in this case because the trial court never instructed that the negligence of the driver (Dorsey) was imputed to the guest, in this case the plaintiff's intestate. Instruction No. 7 reads as follows: "If you find from a preponderance of the evidence in this case that Knight L. Dorsey the driver of the automobile in which plaintiff's decedent was riding, at the time of the collision, was negligent, and that such negligence on the part of Knight L. Dorsey was the *sole* proximate cause of the collision and resulting injuries to plaintiff's decedent, then your verdict will be in favor of the defendant Charles E. Schuler, no cause for action." (Emphasis ours.)

This instruction does not tell the jury that the negligence of Dorsey was imputed to the deceased Pearson. It does state that if it found Dorsey's negligence was the sole proximate cause of the collision and resulting injuries to the plaintiff's decedent, it should find for the defendant Schuler. That amounts to instructing that if Dorsey's negligence was the sole cause of the injury

then it should return a verdict for defendant. That Dorsey's negligence was not otherwise imputed to the plaintiff's deceased is made more clear by instruction No. 11 which reads in part as follows: "* * * if you find that the injuries to plaintiff's decedent were the proximate result of the negligence of Charles E. Schuler and the driver of the automobile Knight L. Dorsey, and that such injuries would not have occurred except for the negligence of each of said parties, it is no defense to this action for the defendant, Charles E. Schuler, to prove that the negligence of Knight L. Dorsey was a contributing cause to the injuries sustained by plaintiff's decedent."

The giving of instruction No. 7 complained of follows the decisions of this court. In Bartek v. Glasers Provisions Co., Inc., 160 Neb. 794, 71 N. W. 2d 466, we approved this rule as previously laid down in these words: "We said in Bergendahl v. Rabeler, 133 Neb. 699, 276 N. W. 673: 'Although the negligence of the driver of an automobile will not ordinarily be imputed to a passenger therein when the passenger has no control over the car or driver, the passenger may not recover from a third person for injuries suffered in a collision when the negligence of the driver is the sole proximate cause of the accident.' "

This court in the cited case reversed the judgment of the trial court, assigning the failure to give an instruction on this law as one of the reasons. In the case now under consideration Dorsey, the driver of the automobile in which deceased was riding, entered a highway protected by stop signs. According to some of the evidence he slowed down thereafter and then again went on. Within approximately 250 feet a truck loaded with gravel was coming toward the intersection in which the east-west traffic was favored. For a considerable distance the truck driver blew a horn which according to independent witnesses was very loud. Defendant was entitled to have an instruction on this

phase of the law and the one given appears proper.

The question of the negligence of the defendant Schuler was likewise submitted to the jury on instructions not complained of. The jury found for the defendant and against the plaintiff. In Johnston v. Robertson, 171 Neb. 324, 106 N. W. 2d 192, it was said: "It is presumed in an action at law that controverted facts were decided by the jury in favor of the successful party, and its finding based on conflicting evidence will not be disturbed unless clearly wrong. See Snyder v. Farmers Irr. Dist., 157 Neb. 771, 61 N. W. 2d 557."

The plaintiff makes certain assignments of error because of the exclusion by the trial court of certain proffered evidence concerning payments the decedent would have received under the social security law and the loss of certain rights and payments to the widow herself thereunder. In view, however, of the finding of the jury against the plaintiff we do not consider the assignments.

Plaintiff also makes assignments of error in general terms, pointing out nothing specifically. They merely complain of the jury's finding for the defendant or the court overruling motions for a new trial, and cannot be considered. Allsman v. Richmond, 55 Neb. 540, 75 N. W. 1094; Wieck v. Blessin, 165 Neb. 282, 85 N. W. 2d 628.

The issues were submitted to the jury as the trier of the facts. We find no error in the submission, and the judgment must be affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.