JEROME PAPROCKI, APPELLEE, V. ALFRED STOPAK AND DOUGLAS STOPAK, APPELLANTS.

330 N.W.2d 475

Filed February 18, 1983. No. 81-727.

Stephen C. Hansen of Luckey, Sipple & Hansen, for appellants.

Thomas M. Maul of Albert, Leininger & Grant, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is an automobile accident case involving property damage only. The case was commenced in the small claims court by the plaintiff owner of a car driven by his daughter against the driver and the joint owner of another car to recover damages to plaintiff's car. The defendants filed a counterclaim and cross-petition against the plaintiff for damages to their car. The small claims court entered judgment for $407.50 for the plaintiff on his petition, and also entered judgment against the plaintiff and for the defendants on their counterclaim in the sum of $950.

The plaintiff appealed to the District Court. The District Court affirmed the judgment for the plaintiff against both defendants on plaintiff's petition but found that the family-purpose doctrine was incorrectly applied by the small claims court in allowing judgment for defendants on their cross-petition, and denied the cross-petition. The defendants have appealed.

On January 13, 1981, an automobile owned by plaintiff and driven by plaintiff's daughter was in collision with an automobile owned by defendants Alfred Stopak and Douglas Stopak and driven by Douglas Stopak. The evidence is undisputed that

the car owned by plaintiff was generally used by his daughter for school purposes and other purposes and was, in general, a family-purpose automobile. Except for the fact that defendants were father and son, there was no evidence that defendants' car was a family-purpose automobile. The evidence at the trial in the small claims court was in dispute as to the lane of traffic in which the accident occurred and, consequently, the negligence or comparative negligence of each driver was also at issue.

The small claims court entered judgment for the plaintiff and against both defendants on plaintiff's petition for $407.50 and for the defendants on their counterclaim in the sum of $950, but made no finding as to the negligence, comparative negligence, or lack of negligence of either driver.

On appeal, the District Court found that the small claims court incorrectly interpreted the family-purpose doctrine in allowing defendants to recover on their cross-petition against plaintiff, found against the defendants on their cross-petition, and affirmed the judgment for the plaintiff on his petition. The District Court also failed to make any finding as to the respective negligence, comparative negligence, or lack of negligence of either driver.

The basic problem in this case is that under the family-purpose doctrine, the negligence of the driver of the family-purpose car is imputed to the parent owner in actions by third parties to recover for personal injuries or property damage proximately caused by the negligent acts of the family-purpose driver. However, the negligence of the family-purpose driver is not ordinarily imputed to the family-purpose owner in an action by the owner against a third party for the owner's own injuries or property damage. See *Bartek v. Glasers Provisions Co., Inc.,* 160 Neb. 794, 71 N.W.2d 466 (1955).

The underlying purpose of the family-purpose doctrine is to provide financial responsibility for the negligent acts of family members which cause dam-

age to third parties. Such a purpose is not present when the owner of a family-purpose car sues to recover his own damages caused, or jointly caused, by the negligence of third parties. See 2 Harper & James, Law of Torts § 23.6 (1956).

The plaintiff tacitly agrees, and the defendants vigorously contend, that the family-purpose doctrine was applicable to impute any negligence of plaintiff's daughter to plaintiff in connection with the defendants' counterclaim or cross-petition. Plaintiff argues, however, that the District Court's denial of defendants' counterclaim should be affirmed on the ground that it constituted a finding that the negligence of the plaintiff's daughter was slight in comparison to the defendant driver's negligence, or that plaintiff's daughter was guilty of no negligence whatever.

It is virtually impossible to tell from the record what the specific findings of negligence were. Neither is there evidence to impute the negligence of the defendant driver to the other defendant owner under the family-purpose doctrine in entering judgment on plaintiff's petition. The owner of a family-purpose car may not recover from the driver of another car when the negligence of the family-purpose driver is the sole proximate cause of the collision. *Pearson v. Schuler,* 172 Neb. 353, 109 N.W.2d 537 (1961).

Where there is no determination as to negligence, comparative negligence, or lack of negligence of either of the drivers, and the imputations of negligence under the petition operate differently than under the cross-petition, there are no specific factual findings upon which it can be properly determined whether either judgment may be affirmed or reversed.

The judgment on plaintiff's petition and the judgment on defendants' counterclaim and cross-petition are both vacated and the cause remanded to the District Court for determination and findings as to the

negligence and comparative negligence of the drivers and the imputation of such negligence to any of the parties, both as to the petition and cross-petition, and the entry of appropriate judgment or judgments on those findings in accordance with this opinion.

REVERSED AND REMANDED.

BOSLAUGH and HASTINGS, JJ., dissent.

CLINTON, J., not participating.