RICHARD J. RUSSELL AND BARBARA J. RUSSELL, APPELLANTS, V.
GONZALO LUEVANO, DEFENDANT AND THIRD-PARTY PLAINTIFF,
APPELLEE, TODD R. RUSSELL, THIRD-PARTY DEFENDANT,
APPELLANT.
GONZALO LUEVANO, APPELLEE, V. TODD R. RUSSELL, APPELLANT.
452 N.W.2d 43

Filed March 2, 1990.    No. 87-822.

Patrick A. Brock, of Cunningham, Blackburn, Livingston, Francis, Cote, Brock & Cunningham, for appellants.

Kenneth H. Elson and Sam Grimminger for appellee.

BOSLAUGH, CAPORALE, and GRANT, JJ., and SPRAGUE and MULLEN, D. JJ.

PER CURIAM.

These are consolidated appeals from the district court for Hall County involving claims for property damage resulting from a two-vehicle accident. On November 18, 1985, Gonzalo Luevano, the driver-owner of one of the vehicles, sued Todd R. Russell, the driver of the other vehicle, in small claims court. Todd answered on December 27, 1985, and requested the case be transferred to county court. At the same time, Todd's parents, Richard J. and Barbara J. Russell (hereafter referred to as parents), the owners of the car driven by Todd, filed their action against Luevano in county court. Luevano answered, denying he was negligent and alleging the sole proximate cause of the accident was the negligence of the plaintiffs' driver, Todd. On April 14, 1986, Luevano joined Todd as a third-party defendant in the parents' suit. The cases were consolidated for trial. The parties stipulated that the Russell vehicle sustained $2,313.98 in damage and the Luevano vehicle sustained $1,454.96 in damage. Trial was had on liability.

Following a bench trial, the county court held the issues were the same in both actions and dismissed Luevano's petition against Todd. Then, in the parents' action, the court dismissed the parents' petition while awarding damages in the stipulated amount plus costs to Gonzalo Luevano on Luevano's third-party complaint.

On appeal, the district court, by memorandum order dated March 27, 1987, affirmed the dismissal of the parents' petition, but vacated the judgment granted on the third-party complaint. The district court then granted judgment against Todd in the stipulated amount on Luevano's petition.

After the parents' and Todd's "Motion for New Trial" in the district court was denied, a "Motion for Reconsideration" was filed. On June 25, 1987, "a new trial on appeal" was held in the district court. The district court made several "findings of fact" regarding the negligence and comparative negligence of the parties. At the conclusion of the "trial," the district court entered substantially the same order as the order of March 27. The parents and Todd appeal to this court. We reverse.

On October 17, 1985, Todd was driving a car owned by his parents. There is no question the Russell vehicle is a

family-purpose vehicle and was being used by their son in such manner at the time of the accident. Todd was involved in a collision with the Luevano vehicle at the intersection of Fourth and White Streets in Grand Island, Nebraska. Fourth Street is a two-way street running east and west, while White, which is also two-way, runs north and south. The intersection of Fourth and White is unprotected by traffic control signs. At the time of the collision, it was cloudy and raining.

Todd testified he was traveling north on White Street at approximately 25 miles per hour. Luevano was traveling west on Fourth Street, going 15 to 20 miles per hour. Two trucks were parked on the southeast corner of Fourth Street at the time of the accident. The trucks, a pickup, and a larger truck used to mount tires on farm equipment, were parked approximately 6 feet east of the intersection and were facing east. The testimony indicates houses are located south of Fourth Street on the east side of White Street. In particular, there is a house located "right up on the [southeast] corner" of Fourth and White Streets. The evidence is never further developed as to the number or exact location of the remaining houses.

According to the testimony, Todd approached the intersection at approximately 25 miles per hour. Todd first looked to the east when he was a quarter of a block from the intersection. Realizing his view was completely obstructed by the house on the southeast corner and the trucks parked on Fourth Street, he reduced his speed to 20 miles per hour. When Todd was entering the intersection, he saw the Luevano vehicle for the first time. Upon seeing Luevano, Todd applied the brakes but still collided with the rear end of the left side door of the Luevano vehicle.

Luevano testified he was going 20 miles per hour as he approached the intersection. He states he first looked to the south "[b]efore [he] got to the trucks." Looking between the trucks and house on the southeast corner, Luevano could see the southwest corner of White and Fourth Streets and saw no traffic coming. It is unclear from the testimony whether Luevano could see through a 20-foot gap between the house on the southeast corner and the parked trucks or whether he could see 20 feet of the block.

After getting by the trucks, Luevano looked again to the south and saw Todd, who was not yet in the intersection. At this time, Luevano was just entering the intersection and Todd was about 30 feet from the intersection. When Luevano saw that Todd was not going to stop, Luevano "gunned" the accelerator. Luevano testified he really did not have a chance to accelerate, as Todd hit him almost immediately. The collision occurred near the middle of the intersection.

The procedure in this case not only creates confusion as to the issues but also as to the timeliness of the appeal. A motion for new trial is not a proper pleading when the district court is acting as an intermediate appellate court and not as a trial court. *In re Conservatorship of Mosel, ante* p. 86, 449 N.W.2d 220 (1989); *Collection Bureau of Lincoln v. Loos*, 233 Neb. 30, 443 N.W.2d 605 (1989). Nevertheless, in civil cases a court of general jurisdiction has inherent power to vacate or modify its own judgments at any time during the term at which they are rendered. *In re Estate of Weinberger*, 207 Neb. 711, 300 N.W.2d 818 (1981) (citing *Barney v. Platte Valley Public Power and Irrigation District*, 147 Neb. 375, 23 N.W.2d 335 (1946)); *Lyman v. Dunn*, 125 Neb. 770, 252 N.W. 197 (1934); *County of Scotts Bluff v. Bristol*, 159 Neb. 634, 68 N.W.2d 197 (1955); *Jones v. Nebraska Blue Cross Hospital Service Assn.*, 175 Neb. 101, 120 N.W.2d 557 (1963); *Urwin v. Dickerson*, 185 Neb. 86, 173 N.W.2d 874 (1970). While such an improper motion does not toll the time for appeal, it is to be considered nothing more than an invitation to the district court to consider exercising its inherent power to vacate or modify its own judgment. See *In re Estate of Weinberger, supra*. In the instant case, the district court sustained the motion for reconsideration, thereby vacating the judgment it had entered on March 27, 1987. Thus, this appeal is timely taken from the district court's new judgment.

The appellants assign as error the improper findings of fact made by the district court. The review of questions of fact from the county court to district court is controlled by Neb. Rev. Stat. § 24-541.06 (Reissue 1985), which provides in part that "the district court shall review the case for error appearing on the record made in the county court . . . ." This is also the scope

of review in this court. Neb. Rev. Stat. § 25-1911 (Reissue 1989). See, also, *Kuehl v. Diesel Power Equip. Co.*, 228 Neb. 353, 422 N.W.2d 361 (1988). It is solely within the province of the trial court in a law case to make findings of fact, and therefore we disregard any findings of fact made by the district court while sitting as an intermediate court of appeals.

The appellants assign as error the trial court's incorrect application of the family-purpose doctrine. They assert the negligence of Todd was incorrectly imputed to the parents as owners of the vehicle. Regarding questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989).

The owner of an automobile kept for family purposes is liable for injuries inflicted upon a stranger as a result of the negligent driving of one of his children, where the car is occupied by members of the family and is being used for one of the purposes for which it is kept. *Bartek v. Glasers Provisions Co., Inc.*, 160 Neb. 794, 71 N.W.2d 466 (1955). See, also, *Paprocki v. Stopak*, 213 Neb. 523, 330 N.W.2d 475 (1983).

Recently, in *Looney v. Pickering*, 232 Neb. 32, 439 N.W.2d 467 (1989), this court discussed the imputation of a family-purpose car driver's negligence to the owner of the vehicle. In *Looney*, the owners of a family-purpose automobile sued the driver of the other vehicle for damages to their automobile. The county court dismissed the parents' petition, and the district court affirmed.

In discussing the possibility that the county court incorrectly imputed the driver's negligence, this court observed that the purpose of the family-purpose doctrine is to provide financial responsibility for the negligence of financially irresponsible family members. Agreeing this purpose is not served when the owner sues for damages, this court reiterated the rule in *Paprocki v. Stopak, supra* at 525, 330 N.W.2d at 476-77, that "the negligence of the family-purpose driver is not ordinarily imputed to the family-purpose owner in an action by the owner against a third party for the owner's own injuries or property damage." (Citing *Bartek v. Glasers Provisions Co., Inc., supra.*) The *Paprocki* court went on to discuss the exception to

this rule. Under this exception, the owner of a family-purpose car may not recover from the driver of another car when the negligence of the family-purpose driver is the sole proximate cause of the accident. *Paprocki, supra* (citing *Pearson v. Schuler*, 172 Neb. 353, 109 N.W.2d 537 (1961)). This court, in *Paprocki*, held the trial court failed to find the family-purpose driver was the sole proximate cause of the collision. Concluding the trial court had instead incorrectly imputed the drivers' negligence to their parents, this court reversed.

In the current case, it is not readily apparent whether the court found Todd's negligence was the sole proximate cause of the accident or incorrectly imputed his negligence to his parents.

Where trial is to the court, a general finding that the judgment should be for a certain party warrants the conclusion that the trial court found in his favor on all issuable facts. *Atlas Steel & Wire Corp. v. L & M Constr. Chemicals, Inc.*, 212 Neb. 16, 321 N.W.2d 64 (1982) (citing *Aurora Cooperative Elevator Co. v. Larson*, 204 Neb. 755, 285 N.W.2d 498 (1979)). In determining whether the evidence supports the findings of the trial court in an action at law when the jury has been waived, evidence must be considered in the light most favorable to the successful party, who is entitled to the benefit of every inference which can reasonably be deduced from the evidence. *Preisendorf v. Mettenbrink*, 232 Neb. 558, 441 N.W.2d 203 (1989); *Norfolk Iron & Metal v. Behnke*, 230 Neb. 414, 432 N.W.2d 18 (1988).

Again the procedure in this case causes confusion, and we are required to guess as to the trial court's findings of fact. While the county court dismissed the parents' petition against Luevano, it erroneously entered judgment on Luevano's third-party claim for his damages. At this point it should be noted that confusion clearly existed regarding the disposition of a third-party action. The basis of a third party complaint must be some form of secondary or derivative liability. Without a finding of liability on the principal claim, secondary liability does not exist. " 'A third-party claim may be asserted . . . only when [the] third party's liability is in some way dependent on the outcome of the main claim or when the third party is

secondarily liable to defendant.' " *Church of the Holy Spirit v. Bevco, Inc.*, 215 Neb. 299, 306, 338 N.W.2d 601, 605 (1983) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil 1446 (1971)). Therefore, it was improper for the county court to render judgment on Luevano's third-party complaint, and the district court was correct in reversing the third-party award.

To correct this procedural error, the district court reversed the third-party award in the parents' action and, instead, awarded judgment against Todd on Luevano's petition. The district court then affirmed the trial court's dismissal of the parents' petition. The district court apparently concluded the trial court found Todd was the sole proximate cause of the collision and therefore did not improperly impute Todd's negligence to his parents. Assuming the trial court made such a finding, we must next consider whether the facts can sustain the conclusion that Todd's negligence was the sole proximate cause.

In *Hodgson v. Gladem*, 187 Neb. 736, 742-43, 193 N.W.2d 779, 783 (1972), this court stated:

> A car approaching an intersection is not in a favored position and entitled to proceed regardless of the circumstances merely because he is on the right of the other car. . . .
>
> . . . [A] driver approaching an unprotected intersection where he knows and can readily observe that his view is obstructed must do so at such a speed as will afford him a reasonable opportunity to make effective observations for cars approaching on the intersecting road and give him a reasonable opportunity to properly react to the situation he then observes or could observe, and where his view is completely obstructed and his speed is such that he has given himself no opportunity at all to observe and react appropriately he may, where the facts are undisputed, be found negligent as a matter of law.

The court in *Hodgson* held the plaintiff was negligent as a matter of law even though he had the directional right-of-way because he approached the intersection at such a rate of speed he could not take any effective action to avoid the accident. The fact that one of the drivers may be able to see the approaching

traffic for a short time before he enters the blind intersection does not prevent the rule in *Hodgson* from applying. In *Schenk v. Yosten*, 229 Neb. 691, 428 N.W.2d 510 (1988), this court recently rejected the argument that the *Hodgson* rule does not apply when one of the drivers can see approaching traffic at least 300 feet from the intersection. In *Schenk*, the court stated:

The rule in Nebraska after *Hodgson* and to this day is that one who is or should be aware that his or her own view of an uncontrolled intersection is obstructed is under a duty to approach that intersection with care reasonable in those circumstances regardless of the directional right-of-way, and quite regardless of the degree to which hindsight might indicate that another driver's view of the same intersection was or was not obstructed at the same time; further, the "care reasonable in those circumstances" is, as a matter of law, that degree of care which will permit the driver to make reasonably careful observation of the obstructed section of road and, if required, to take reasonable action to prevent a collision.

*Id*. at 694, 428 N.W.2d at 513.

The record shows both drivers' views of the intersection were obstructed. The evidence is uncontroverted that Todd could not see to the east because his view was completely obstructed by the house on the southeast corner and the parked trucks. As Luevano approached the intersection his view south on White Street would have been obstructed by the corner house or houses. Therefore, his view was admittedly limited to what he could see through the gap between the corner house and the trucks. As Luevano got closer to the intersection, his view of the cross traffic immediately approaching the intersection from the south was completely hindered by the parked trucks. Under these circumstances, the intersection was clearly a blind one.

Luevano approached the intersection without slowing. Only when Luevano reached the intersection was he able to see Todd, who was not yet in the intersection. Although Luevano had the directional right-of-way, the evidence shows he approached at a speed that did not allow him time to make a reasonable observation of the intersection, and the vehicles collided. Luevano failed to keep a proper lookout, and in doing so he is

guilty of negligence more than slight as a matter of law. With both drivers failing to keep a proper lookout by law, the evidence cannot support the conclusion that Todd was the sole proximate cause of the accident.

We next turn to Luevano's petition against Todd. As previously stated, the district court reversed the trial court's judgment in favor of Luevano on his third-party claim in the parents' action and instead awarded the same amount to Luevano on Luevano's petition against Todd. The district court's order was based upon the conclusion that the trial court had made a finding that the negligence of Luevano was slight in comparison to Todd's negligence, or that Luevano was guilty of no negligence whatsoever. Having previously determined that Luevano is guilty of negligence more than slight as a matter of law, we reverse the judgment of the district court.

The order dismissing the parents' petition is reversed, and we remand with directions to the district court to remand to the county court with instruction to enter judgment in favor of the parents on their petition in the stipulated amount of damages in the amount of $2,313.98.

REVERSED AND REMANDED WITH DIRECTIONS.