WILLIAM R. MILLER, APPELLANT, v. JOHN W. AITKEN ET AL., APPELLEES.

69 N. W. 2d 290

Filed March 11, 1955. No. 33671.

*Sackett, Brewster & Sackett* and *Robert S. Finn,* for appellant.

*Jean B. Cain* and *Raymond B. Morrissey,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for personal injuries and property damage sustained by the plaintiff resulting from the alleged negligence of defendants, arising out of an automobile accident. A motion by the defendants for a summary judgment was sustained by the trial court and the plaintiff appeals.

The evidence in support of the motion consists of the deposition of the plaintiff and an affidavit of the defendant John W. Aitken with a photograph of each of the two automobiles involved taken after the accident.

Plaintiff's petition alleged that he was driving north on a graded dirt road about 1 mile east and 5 miles south of Sterling, Nebraska, on September 2, 1953, at or about 6:30 p. m. It alleged that plaintiff approached the intersection from the south in a careful and prudent manner, and at a reasonable speed which did not exceed 25 to 30 miles per hour. Defendant John W. Aitken ap-

proached the intersection from the east and it is alleged that he negligently drove his automobile into the intersection while it was lawfully occupied by plaintiff's car, causing the personal injuries and property damage here complained of. It is alleged also that trees, bushes, and weeds obscured the vision of plaintiff to the east and that of the defendant John Aitken to the south. It is alleged further that plaintiff slowed his automobile down to 20 or 25 miles per hour, and after looking to the east and west he proceeded into the intersection where he was hit by defendants' car being carelessly, negligently, and unlawfully driven at a dangerous rate of speed in excess of 60 miles per hour. The petition alleges that defendant John W. Aitken failed to keep a proper lookout, that he drove at excessive speed, that he failed to yield the right-of-way, that he failed to apply his brakes, and that he failed to drive at such a rate of speed as to avoid hitting plaintiff's car in the intersection.

Defendant John W. Aitken alleges in his answer that as he approached from the east he had the right-of-way, that he was traveling on the right-hand side of the road, and that plaintiff carelessly and recklessly drove his automobile into the intersection and struck the car driven by the defendant John W. Aitken.

Plaintiff alleges in his reply that defendants' car did not enter the intersection prior to the time plaintiff's car proceeded into it and reasserts the negligence of the defendant John W. Aitken as the proximate cause of the accident.

Defendants thereafter took the deposition of the plaintiff and, on the basis of the evidence contained therein, moved for a summary judgment. Defendants also offered the affidavit of John W. Aitken to which was attached two photographs. One was a picture of plaintiff's car showing that it was damaged at the front. The other picture shows that defendants' car was hit in the area of the left rear wheel.

The uncontradicted evidence offered in support of the

motion for a summary judgment is as follows: The plaintiff says in his deposition that he approached the intersection from the south at a speed of 35 or 40 miles per hour. He slowed down for the intersection, to a speed of about 30 miles per hour. He had traveled the road many times and knew the intersection was dangerous. His vision to the east was obscured by trees, a hedge, and growing weeds. He could not see anyone approaching from his right until he was north of the south line of the intersection. He says that his view from the right was absolutely obscured. He states that he looked both east and west, but that he saw no car approaching from the east because of the trees, hedge, and growing weeds. He gave no signal as he entered the intersection and specifically states that he did not sound his horn. He did not apply his brakes because he did not have time. He did not see the Aitken car until he was across the center of the intersection. The collision occurred in the northeast quadrant of the intersection. It is not disputed that the front of plaintiff's car struck the left rear wheel of the Aitken car as shown by the pictures received in evidence. The day was clear and the roads dry. The intersection was level. Neither road was favored over the other. Plaintiff says he did not see the Aitken car until just before the impact. He does not know the speed of the Aitken car. It was upon this evidence that the trial court sustained defendants' motion for a summary judgment.

A motion for a summary judgment is authorized by section 25-1332, R. S. Supp., 1953. In order to obtain a summary judgment movant must show, first, that there is no genuine issue as to any material fact in the case, and second, that he is entitled to a judgment as a matter of law. The second provision is met if movant would be entitled to a directed verdict on the basis of the undisputed facts if the case were being tried to a jury. In considering the motion the court should view the evidence in the light most favorable to the party against

whom it is directed. This means that a summary judgment will be granted where the allegations of the pleadings have been pierced by the movant and the resistance to the motion fails to show that a genuine issue of fact exists. It should be granted when it is made abundantly clear that a formal trial could serve no useful purpose and could only result in a judgment as a matter of law. It is not the purpose of the rule, and it must not be so construed, to deprive a litigant of a formal trial where there is a genuine issue of fact to be determined. The motion for a summary judgment is not a substitute for a motion to dismiss, a demurrer, or a judgment on the pleadings. It is only where a situation exists that the terms of the statute imply and entitle the movant to judgment as a matter of law that it may be used to avoid an unnecessary trial. The cases sustaining the foregoing statements have been collected in Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543.

The deposition of the plaintiff and the affidavit of the defendant John W. Aitken stand undisputed in this proceeding. If the evidence shows that plaintiff was guilty of contributory negligence more than slight, as a matter of law, there is no genuine issue of fact to be tried. A conclusive finding to that effect completely disposes of plaintiff's right to a judgment as a matter of law.

We think that the plaintiff as a matter of law, under his own statement of the facts as contained in his deposition, is not entitled to a judgment in his favor. It is clear that plaintiff knew the involved intersection was a hazardous one. His vision to the right was completely blocked, but nevertheless he proceeded into the intersection without regard to possible traffic coming from the east. He gave no warning and failed to see the Aitken car until just before he struck it. There is no evidence in the record of negligence on the part of the driver of the Aitken car. According to the record before us the

plaintiff drove into the intersection without looking for traffic from the east at a place where he could see. He was taking dangerous chances in disregard for his own safety which, as a matter of law, amount to more than slight negligence when compared with the negligence of the defendants. See Roby v. Auker, 151 Neb. 421, 37 N. W. 2d 799.

When a driver of an automobile enters an intersection of two highways he is obligated to look for approaching cars and to see those within that radius which denote the limit of danger. Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491. Looking at a point from which one cannot see such approaching vehicles is not a compliance with this rule, and constitutes negligence more than slight as a matter of law. It amounts to a disregard for one's own safety that will not ordinarily permit a recovery. This is particularly true where one fails to look to his right for vehicles approaching at approximately the same time, the right-of-way in such instances being in the one approaching from the right.

The plaintiff did not offer counter-affidavits or other form of evidence to refute the evidence tendered in support of the motion. The evidence of the defendants in support of the motion stands uncontradicted. Whether or not such evidence requires a judgment for the defendants presents a question of law for the court. The trial court found that the undisputed evidence shows as a matter of law that plaintiff was guilty of negligence more than slight when compared with the negligence of the defendants as shown by the record. The trial court was correct in so holding.

AFFIRMED.