TERRI JOHNSON, BY HER FATHER AND NEXT FRIEND, GLENN R. JOHNSON, APPELLANT, v. METROPOLITAN UTILITIES DISTRICT, APPELLEE.

125 N. W. 2d 708

Filed January 17, 1964. No. 35544.

Ross & O'Connor, for appellant.

George C. Pardee, G. H. Seig, and Harry H. Foulks, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, BOSLAUGH, and BROWER, JJ., and ZEILINGER, District Judge.

BOSLAUGH, J.

This is an action for damages brought by Glenn R. Johnson as father and next friend of Terri Johnson. Terri Johnson, who will be referred to as the plaintiff, was injured in an accident while riding in an automobile operated by her father. She was 14 months of age at the time the accident happened. The defendant is the Metropolitan Utilities District of Omaha, Nebraska.

The trial court sustained a motion for summary judgment filed by the defendant and dismissed the action. A motion for new trial filed by the plaintiff was overruled and the plaintiff has appealed. The assignments

of error relate to the sustaining of the defendant's motion for summary judgment.

Upon a motion for summary judgment the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. The burden is upon the party moving for summary judgment to show that no issue of fact exists, and unless he can conclusively do so the motion must be overruled. In considering a motion for summary judgment the court views the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may be drawn therefrom. Schlines v. Ekberg, 172 Neb. 510, 110 N. W. 2d 49.

The evidence consists of affidavits and a deposition of Glenn R. Johnson. The evidence shows that the accident happened at about 6 o'clock p. m., on September 12, 1960, in Omaha, Nebraska. Glenn R. Johnson was driving his automobile west on Blondo Street. The plaintiff and her sister, Renee Johnson, were riding in the back seat of the automobile. The accident occurred when the automobile collided with an International TD 9, front-end loader tractor owned by the defendant which was parked near the intersection of Seventieth Street.

At the place where the accident happened Blondo Street is paved. The distance between the north and south curbs is 18½ or 19 feet. There is a decline on Blondo Street from a point between Sixty-seventh and Sixty-eighth Streets to a point between Sixty-eighth and Sixty-ninth Streets which is equivalent to about a 4 percent grade. From the point between Sixty-eighth and Sixty-ninth Streets to the place where the accident happened there is a slight incline. The grade does not appear to be uniform and appears to increase slightly near the scene of the accident.

The front-end loader tractor with which the Johnson automobile collided is approximately 6 feet 4 inches in width and weighs about 18,000 pounds. It operates on

tracks instead of wheels and is sometimes referred to as a bulldozer, skid-shovel, or high-lift. At the time the accident happened the tractor was parked over the north curb of Blondo Street so that it extended into the traveled portion of Blondo Street a distance of slightly more than 2 feet.

Metropolitan Utilities District was then engaged in laying a water main along the north edge of Blondo Street from Sixty-sixth Street to Seventy-second Street. On September 12, 1960, the main had been laid to a point near Seventieth Street. Dirt was piled along the north edge of Blondo Street from east of Sixty-eighth Street to the Sixty-ninth Street intersection. Another pile of dirt extended west from Sixty-ninth Street for a distance of 75 feet to one-half of a block, or to a point approximately 50 feet east of the front-end loader tractor. The dirt was piled to a height of $3\frac{1}{2}$ to 4 feet and extended onto the traveled portion of Blondo Street a distance of about 3 feet.

As Glenn R. Johnson drove west on Blondo Street he did not see any warning signs or barricades. While he was passing the pile of dirt he observed eastbound traffic approaching on Blondo Street. The sun at that time was near the horizon directly to the west and the eastbound traffic was silhouetted against the sun. As he passed the end of the pile of dirt west of Sixty-ninth Street he turned to the right to get back into the westbound traffic lane. At a point approximately 25 feet west of the pile of dirt, and as he neared the point of impact, the glare from the sun interfered with his vision and he failed to see the tractor before the impact.

This is a guest case in which we are not concerned with the negligence of Glenn R. Johnson. The negligence of the driver is not imputed to the guest. Pearson v. Schuler, 172 Neb. 353, 109 N. W. 2d 537. The inquiry here is whether there was any negligence on the part of the defendant which the jury could find was a proximate cause of the injuries to the plaintiff.

The petition alleged, in substance, that the defendant parked the tractor upon Blondo Street so that it protruded onto the traveled portion of the street and created an obstruction and that the defendant failed to give any signal or other warning of the obstruction. One who places an obstruction upon a highway in such a manner that it is dangerous to others using the highway has a duty to remove the obstruction or to use due care to warn others upon the highway of the danger incident to the obstruction. Simonsen v. Thorin, 120 Neb. 684, 234 N. W. 628, 81 A. L. R. 1000. See, also, Grantham v. Watson Bros. Transp. Co., 142 Neb. 362, 6 N. W. 2d 372, on motion for rehearing, 142 Neb. 367, 9 N. W. 2d 157; Kuska v. Nichols Constr. Co., 154 Neb. 580, 48 N. W. 2d 682.

The defendant's theory of the case is that the tractor which was parked so that it protruded into the traveled portion of Blondo Street was at most a condition and not a proximate cause of the injuries to the plaintiff. The defendant cites a number of cases, such as Knuth v. Singer, 174 Neb. 182, 116 N. W. 2d 291, in which this court held that an obstruction upon a highway was a condition and not a proximate cause of injuries to another.

There is, however, a group of cases in which this court has held that where a party creates an obstruction upon a highway and fails to use due care to warn others of its danger, his negligence may be a proximate cause of the injuries to another. These cases generally have involved situations where the object or obstruction in the highway was not readily visible or there was something which interfered with the vision of the persons approaching it. In these cases it was held that it is a question for the jury as to whether the original negligence was a proximate cause of the injuries.

Two acts of independent source are not concurrent in causing an injury if one of them merely furnishes a condition by which such injury is made possible, and later

such injury occurs through the efficient, self-acting, and independent operation of the other. But the doer of an original wrongful act that should reasonably cause one to anticipate an injury therefrom is not relieved from liability for an injury immediately brought about by an intervening cause, wrongful or otherwise, that is set into operation by such original wrongful act, and that alone would not have caused the injury, but which with the aid of the original wrong does cause such injury. Johnson v. Mallory, 123 Neb. 706, 243 N. W. 872.

If the original negligence is of a character which, according to the usual experience of mankind, is liable to invite or induce the intervention of some subsequent cause, the intervening cause will not excuse it, and the subsequent mischief will be held to be the result of the original negligence. In Kuska v. Nichols Constr. Co., *supra*, it was said: "Generally, it is the continuing duty of a road contractor engaged in constructing, grading, or graveling a highway, to use ordinary care and erect barricades or signs, or otherwise adequately warn the traveling public if the highway is dangerous to travel or if obstructions are placed thereon. A failure to so warn the traveling public is continuing negligence as distinguished from a condition, and if reasonable minds could conclude from the evidence that such negligence proximately caused an accident, then the issue should be submitted to a jury for its determination." See, also, Giles v. Welsh, 122 Neb. 164, 239 N. W. 813; Johnson v. Mallory, *supra*; Day v. Metropolitan Utilities Dist., 115 Neb. 711, 214 N. W. 647; Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885; Miers v. McMaken, 147 Neb. 133, 22 N. W. 2d 422; Morse v. Gray, 166 Neb. 557, 89 N. W. 2d 842.

Although the accident in this case happened in daylight and the vision of the driver was not obstructed as he approached the tractor, the glare of the sun did interfere with his vision as he approached the point of impact and he failed to see the tractor before the colli-

sion. Upon the present state of the record we are reluctant to hold that the negligence of the defendant, if any, as a matter of law, was not a proximate cause of the plaintiff's injuries. We conclude that the defendant has failed to show conclusively that no issue of fact exists in this case.

A motion for a summary judgment is not a substitute for a demurrer or a motion for a directed verdict. We do not determine at this time that the plaintiff's evidence, whatever it will be, will present a jury question. We determine only that the record at this time does not show conclusively that there is no issue of fact in this case.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

SPENCER, J., participating on briefs.