ROGER L. GREEN, APPELLANT, V. VILLAGE OF TERRYTOWN, NEBRASKA, A MUNICIPAL CORPORATION, ET AL, APPELLEES.

204 N. W. 2d 152

Filed February 9, 1973. No. 38545.

Lyman, Meister & Olsen, for appellant.

Wright & Simmons, John F. Wright, and John F. Simmons, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The question here involved is the propriety of the action of the trial court in sustaining the motion of the defendants Bartow and McGuire for summary judgment. An earlier motion for summary judgment by the Village of Terrytown was sustained and appeal therefrom by the plaintiff to this court was dismissed for having been untimely filed. Green v. Village of Terrytown, 188 Neb. 840, 199 N. W. 2d 610.

The plaintiff brought this action against the Village of Terrytown and two of its employees, the present defendants, to recover for personal injuries alleged to have been received when a motorcycle the plaintiff was driving on one of the streets of the Village at about 10:45 p.m. on May 17, 1967, struck a telephone pole lying in the street. It was alleged that the present defendants as employees of the Village had earlier on the day of the accident placed the pole in its position in the street to protect some fresh concrete pavement which they had that day placed in the street. The negligence alleged is the placing of the pole in the street without any light, reflector, or other device or precaution to warn persons using the street. The answer of the two defendants was a general denial.

The only evidence introduced by the defendants in support of the motion for summary judgment was the deposition of the defendant Bartow which had been taken by the plaintiff as part of his discovery procedures. The trial court did not specify in its order sustaining the motion the reason or reasons therefor. The plaintiff and the defendants in their briefs discuss primarily the question of whether or not the evidence conclusively shows that there was no duty on the part of the defendants to place lights, reflectors, or other warning. The briefs are otherwise rather divergent in their approaches.

Bartow testified in the deposition that he was employed by the Village of Terrytown. He was in charge of this particular job insofar as it pertained to the repair of the pavement and was assisted by the defendant McGuire and another unidentified person, who apparently was not a regular employee of the Village. Bartow's testimony was to the effect that they excavated some of the asphalt which was bad and replaced it with concrete, and that no one had directed them to place the pole. They did it to protect the cement while it hardened. They finished the work about 4 or 5 p.m.

on May 17, 1967. They placed no lights or reflectors. Bartow did not think it was necessary. The street would be well lighted at that point because there was a street light very close. The testimony is not clear, but it would appear that the pole was placed diagonally and extended at least 12 feet into the street. Twelve feet was the maximum width of the patch which apparently narrowed at one end. The pole was about 16 inches in diameter and maybe 20 feet long. One end was on the curb. The pole was well weathered and was the color which such poles are. He did not testify concerning the color of the pavement. In his opinion the pole could be seen by persons down the street as far as you can see around the curve. He was not sure whether or not it was his duty to place lights, reflectors, or other warnings. His testimony further leads to the inference that there were no other employees whose assigned duty it was to place lights or reflectors or otherwise mark the pole.

The following principles are applicable here. The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact in the case and where under the facts he is entitled to judgment as a matter of law. § 25-1332, R. R. S. 1943; Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244. The burden is upon the party moving for the summary judgment to show that no issue of fact exists, and unless he can conclusively do so, the motion must be overruled. Johnson v. Metropolitan Utilities Dist., 176 Neb. 276, 125 N. W. 2d 708. Upon a motion for summary judgment the court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. Johnson v. Metropolitan Utilities Dist., *supra*. In considering a motion for summary judgment the court views the evidence in the light most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn there-

from.   Johnson v. Metropolitan Utilities Dist., *supra.*

The motion for summary judgment was improperly sustained for at least two reasons.   First, although there were before the court no conflicting evidentiary facts, the ultimate inferences to be drawn from those facts are not clear.   Second, since those inferences are not conclusively established it cannot be determined whether the defendant is entitled to judgment as a matter of law. It is, for example, not conclusively established by Bartow's testimony that it was not his duty to place lights, reflectors, or other warnings of the barricade.   His testimony can lead to the inference that he knew or expected that no one else would do it and that there was no established procedure of the Village placing the duty on someone else.   Likewise, reasonable minds might differ as to whether or not such lights or warnings might under the circumstances be required.   If we assume the pole could be adequately seen in the daytime there is no evidence in the record whatever to establish precisely what the conditions might be during hours of darkness or of poor visibility.   What about the possibility that the street lights might go out?   Might not reasonable minds differ as to whether this affects the duty to place warnings if one existed?   Was the material with which to give warnings available to the defendants?

As we have already noted, Bartow testified a traveler ought to be able to see the pole at least from the curve. The evidence does not precisely show this but the implication is that the traffic coming from the direction of the curve would be using the side of the street which was wholly or partly obstructed by the pole.   How far away would such traveler be from the pole when he first had an opportunity to observe it?   The evidence does not show.   All this could affect the judgment of the reasonable man as to whether the lights, reflectors, or other markers should have been placed.   In short, the inferences to be drawn from the evidence which

was before the court on the motion are not conclusive in any respect and do not show the defendant Bartow was entitled to judgment as a matter of law.

Evidence on the possible authority and duties of the defendant McGuire is almost wholly lacking. It shows only that he was a regular employee of the Village and that he was helping in the road repair job. Bartow stated that he (Bartow) was in charge of the cement work, but in Bartow's words, referring to who was in charge of directing barriers, "Ted McGuire and I both were mixed up in that."

The defendants have clearly failed to present in support of their joint motion for summary judgment evidence which conclusively establishes that there was no genuine issue of fact and that they were entitled to judgment as a matter of law. Johnson v. Metropolitan Utilities Dist., *supra.* In that case this court went on to say: "A motion for a summary judgment is not a substitute for a demurrer or a motion for a directed verdict. We do not determine at this time that the plaintiff's evidence, whatever it will be, will present a jury question. We determine only that the record at this time does not show conclusively that there is no issue of fact in this case."

What we have said before disposes of the contention of the defendants that it was the duty of the plaintiff to present some evidence to contradict that of the defendants, otherwise the motion should be sustained. This position overlooks the nature of the moving party's burden. It is only where the movant's evidence establishes, taken at its apparent face value, that there is no genuine issue of fact and that under the evidence he is as a matter of law entitled to judgment, that the party against whom the motion is made has some duty of coming forth with contradictory evidence. See Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290.

The defendants cite and rely upon the case of Pester v. Holmes, 109 Neb. 603, 191 N. W. 709, for the proposi-

tion that the defendants as employees of a municipal corporation had under no circumstances any duty either to erect barricades or give any warning and therefore are not liable. An examination of the opinion in that case shows it does not support that broad a proposition. That case held that the servant is not liable for a breach of duty of the master to a third party. However, the servant may be liable if the master has delegated to the servant that duty or made him responsible for the performance of the act which would fulfill the duty. The court there said: "The duty is the mother of the obligation, and as we have shown that the duty to erect barriers or give proper warning of the excavation rested upon the master, the obstruction being a lawful one, the servants, who had and were given no control over the project, but merely dug the ditch under the master's direction, were not liable for failure of the master to give warning."

The primary purpose of the summary judgment statute is to pierce sham pleadings and to dispose of, without the necessity and expense and delay of trial, those cases where there is no genuine claim or defense. Clark on Code Pleading (2d Ed.), § 88, p. 557. Properly used it can accomplish that purpose. It can, however, have the opposite effect. In tort cases of the kind where reasonable minds may differ as to whether an inference of negligence is to be drawn from the given set of facts, it can have no application. It is difficult to use in many tort cases. As Judge Lay observed in Williams v. Chick, 373 F. 2d 330, 332 (8th Cir.): "It is a reasonable observation that a summary judgment proceeding does not prove a very satisfactory approach in tort cases." It does have its proper and improper application in tort cases, however, as Miller v. Aitken, *supra;* and Johnson v. Metropolitan Utilities Dist., *supra,* illustrate.

REVERSED AND REMANDED.