289 N.W.2d 514 (1980)
205 Neb. 647
STATE ex rel. Charles E. SCHULER, Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF LOUP COUNTY, Nebraska, et al., Appellees.
No. 42569.
Supreme Court of Nebraska.
March 4, 1980.
George G. Rhodes, Taylor, for appellant.
Joseph M. Casson, Taylor, for appellees.
Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.
McCOWN, Justice.
This is an action by the plaintiff taxpayer, on behalf of Loup County, challenging the validity of certain claims against the county, which had been audited and allowed by the defendant county board. The action sought to have the claims declared void and invalid as against the county, and also sought judgment against the individual members of the county board for amounts paid out on such claims. The District Court sustained the defendants' motion for summary judgment and the plaintiff has appealed.
The plaintiff's amended petition alleged that at a meeting of the county board of Loup County on November 21, 1977, the board had audited, allowed, and caused to be paid six different specified claims totaling $26,578.05. The claims were for supplies, material, equipment, and contractual *515 services. Plaintiff alleged that the purchases and contracts represented by the claims were not based on competitive bids as required by statute, and that the contracts on which the claims were based were therefore illegal and void as obligations of the county, and that the defendant members of the county board were individually liable for the amount of county funds expended on such claims. Plaintiff also alleged that the meeting of November 21, 1977, was void because advance public notice of the meeting had not been given as required by statute. The amended petition prayed that the actions of the county board at the November 21, 1977, meeting be declared void; that the claims enumerated be declared void as obligations against the county; and that judgment be entered against the county board members individually.
The defendants' answer admitted that no advance notice of the meeting of November 21, 1977, was given, and that the claims had been audited, allowed, and caused to be paid on that date. The defendants denied the allegations that the contracts on which the claims were based were in violation of competitive bid statutes and denied that they were invalid or void as obligations of the county. The defendants alleged as a further defense that the failure to publish advance notice of the November 21, 1977, meeting was inadvertent, and alleged that at a meeting held on December 19, 1977, the county board unanimously voted to void all warrants issued on all claims audited and allowed at the previous meeting of November 21, 1977.
Answers to requests for admissions and other documents show that on February 22, 1978, the county board, after giving advance public notice, held a meeting and audited and allowed the same claims to the same individuals or companies and for the identical goods and services as contained in the claims which were audited and allowed by the county board on November 21, 1977, and that each claim was assigned to the county treasurer of Loup County.
The defendants filed a motion for summary judgment. The District Court sustained the motion for summary judgment and dismissed plaintiff's petition.
The plaintiff's position is that under section 23-337, R.R.S.1943, a taxpayer is authorized to recover from the individual defendants for the benefit of the county any funds of the county paid out illegally, and that there are material facts in issue which are disputed or denied.
The defendants take the position that this case involves only an appeal from the allowance of a claim done at a meeting which was held in violation of the public meetings law, and therefore void. Plaintiff's cause of action, however, is also grounded on section 23-337, R.R.S.1943, and based on the allegation that the contracts or purchases which are the basis of the claims here were made and entered into without competitive bidding and were illegal and in violation of statute. That allegation is specifically denied by the defendants and there is no evidence in the record as to the facts and circumstances of any of the individual transactions involved in the specified claims.
The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact in the case and where under the facts he is entitled to judgment as a matter of law. The burden is upon the party moving for summary judgment to show that no issue of fact exists, and unless he can conclusively do so, the motion must be overruled. Green v. Village of Terrytown, 189 Neb. 615, 204 N.W.2d 152.
REVERSED AND REMANDED.