DANIEL R. DRAWBRIDGE AND
CYNTHIA MISTEREK, APPELLEES, V.
DOUGLAS COUNTY, NEBRASKA,
A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA,
ET AL., APPELLANTS.

311 N.W.2d 898

Filed October 30, 1981. No. 43558.

Donald L. Knowles, Douglas County Attorney, and Jerry W. Katskee for appellants.

Ronald H. Stave of Sodoro, Johnson, Daly, Stave, Cavel & Coffey for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

These cases were actions under the Nebraska Political Subdivisions Tort Claims Act against the County of Douglas, Nebraska, and James Paulison, a deputy sheriff employed by the county. They were consolidated for trial in the District Court and docketed as a single appeal in this court.

The plaintiffs were passengers in an automobile operated by Douglas Misterek when it collided with the rear of an automobile owned by Frank Vencil at approximately 12:45 a.m. on March 4, 1978. These actions were brought to recover the damages resulting from the injuries to the plaintiffs in the collision. Douglas Misterek assigned his cause of action arising out of the accident to his wife, Cynthia, and it was included in the action commenced by her.

The plaintiffs, the driver Misterek, and Kathleen Warren, plaintiff Drawbridge's companion for the evening, were returning to Omaha from LeShara after dinner and drinks in LeShara, Nebraska.

The plaintiff Daniel R. Drawbridge was riding in the rear seat of the Misterek automobile. The plaintiff Cynthia G. Misterek was riding in the front seat of the Misterek automobile. Both plaintiffs were injured in the collision.

The Vencil automobile had been involved in a collision with an automobile operated by Mark Hannan at approximately 11:30 p.m. that same night. After the collision with the Hannan automobile the Vencil automobile came to rest on the south side of the highway headed slightly southeast, with the rear end of the automobile partly on the pavement and partly on the shoulder of the highway. The evidence is in conflict as to the exact position and location of the Vencil automobile at the time it was struck by the Misterek automobile.

The collision between the Misterek automobile and the Vencil automobile occurred on Highway 64 approximately 1 mile east of the Platte River bridge. At that point the highway is level and runs generally east and

west. It is a two-lane paved highway. At the time of the accident the sky was overcast but there was no precipitation. The evidence is in conflict as to the condition of the surface of the highway, but it was described in the evidence as ice-covered, snowpacked, or basically dry.

At the time of the accident the Hannan automobile was stopped on the north shoulder of the highway, a short distance west of the Vencil automobile. A patrol vehicle operated by Paulison was parked behind the Hannan automobile. The headlights, four-way flasher lights, and the rotating lights on the top of the patrol vehicle were turned on and operating. Paulison also testified that the spotlight on the patrol vehicle was turned on and shining across the road in the direction of the Vencil automobile. There were no lights on the Vencil automobile at the time of the accident.

As the plaintiffs' car came over a small hill onto the flat stretch of road about ¾ to 1 mile west of the collision site, the plaintiffs and the driver testified that they noticed the rotating cruiser lights on the north side of the highway. The passengers in the Misterek vehicle, which was eastbound, testified that they saw no warning lights except the rotating lights on top of the cruiser.

Douglas Misterek, the driver, testified that he alternated between watching the activity on the north side of the highway and watching the entire road. Plaintiff Cynthia Misterek testified that her attention was mainly focused on the north side of the road until they passed the cruiser, and at that time she looked ahead and saw the Vencil vehicle about two to three car lengths away, at least half in the driving lane. Plaintiff Drawbridge also testified that the Vencil car was at least half on the roadway. Douglas Misterek's testimony was that the entire rear of the Vencil vehicle was in the driving lane.

Misterek further testified that he had reduced his speed to approximately 30 miles per hour or less as he approached the scene of the accident. He did not see the

Vencil automobile until it was about two car lengths away.

The trial court found generally for the plaintiffs and awarded the plaintiff Drawbridge damages in the amount of $1,750. The plaintiff Misterek was awarded damages in the amount of $2,750.

The defendants have appealed and contend the trial court erred in finding that defendant Paulison was negligent; in failing to find the negligence of Douglas Misterek was the sole proximate cause of the accident; in failing to find the plaintiffs' recovery was barred by contributory negligence and assumption of risk; and in not separating the damages awarded to Cynthia Misterek from those awarded to Douglas Misterek.

The petition alleged the defendant Paulison was negligent in failing to remove the Vencil automobile from the highway and in failing to warn oncoming traffic of the presence of the Vencil automobile on the highway.

The evidence is undisputed that the Vencil automobile was inoperable and that Paulison had ordered a tow truck shortly after he had arrived at the scene of the accident. There is no evidence which would sustain a finding that Paulison was negligent in failing to remove the Vencil automobile from the highway.

As to the alleged failure to warn, there was evidence that the Vencil car was dark in color, and the accident scene was unlighted except for the lights on the patrol vehicle which was parked on the shoulder on the north side of the highway several car lengths west of the Vencil automobile. Flares were available at the sheriff's office but there were none in the patrol vehicle operated by Paulison.

In *Johnson v. Metropolitan Utilities Dist.*, 176 Neb. 276, 280, 125 N.W.2d 708, 710 (1964), we said: "One who places an obstruction upon a highway in such a manner that it is dangerous to others using the highway has a duty to remove the obstruction or to use due care to warn others upon the highway of the danger incident to

the obstruction." A failure to so warn the traveling public is continuing negligence as distinguished from a condition. Although Paulison did not place the Vencil automobile upon the highway, he was present at the scene of the accident and was in charge of the situation. The trial court could find, under the facts and circumstances in this case, that he failed to use due care to warn approaching traffic that the eastbound lane of the highway was obstructed.

So far as contributory negligence and assumption of risk by the passengers are concerned, the defendants contend the plaintiffs failed to keep an adequate lookout, warn the driver of impending danger, and rode with a driver who they knew or should have known was unable to operate the vehicle with proper prudence or care.

The plaintiff Misterek, riding in the right front seat, testified that she was mostly watching the north side of the road until they were past the cruiser, and then turned her attention to the road in front of her. The plaintiff Drawbridge was seated in the right rear seat and was watching what he could see from that position. The plaintiff Misterek also testified that she uttered "a warning" as soon as she saw the Vencil vehicle, at about two to three car lengths away.

The duty of a guest riding in an automobile is to use due care in keeping a lookout commensurate with that of an ordinarily prudent person under like circumstances. A guest is not required to use the same degree of care as devolves upon the driver. If a guest perceives danger, or should anticipate danger, he should warn the driver. Ordinarily a guest need not watch the road or advise the driver in the management of the car. *Kuska v. Nichols Construction Co.*, 154 Neb. 580, 48 N.W.2d 682 (1951). The trial court could have found that plaintiffs were not negligent in this respect.

The defendants' major contention is that the plaintiffs were contributorily negligent in riding or continuing to ride with Douglas Misterek knowing that he was "intoxicated." Misterek had consumed about four bottles of

beer between 8 p.m. and midnight on the night of the collision, and had eaten a full meal, as had the other parties in his vehicle, during the same period of time. All parties involved testified that Misterek appeared sober and in control of his driving. Neither Paulison nor Deputy Sheriff Timmins testified that they suspected Misterek of intoxication. There was no evidence of blood or breath tests.

A guest may be guilty of contributory negligence, or assumption of risk, by riding or continuing to ride with a driver who he knows, or in the exercise of ordinary care and diligence should know, is so intoxicated that he is unable to operate the vehicle with proper prudence or skill. Knowledge that the driver has been drinking does not necessarily bar recovery by a guest. *Schaffer v. Bolz*, 181 Neb. 509, 149 N.W.2d 334 (1967). Where the driver is really and perceptibly under the influence of liquor and actual ascertainable intoxication exists to such a degree that the guest is charged with knowledge of it, his recovery will be barred. There was no evidence that Misterek was in such a state of intoxication, and both plaintiffs testified affirmatively that he was not. The trial court could have found that the plaintiffs were not contributorily negligent with regard to the "intoxication" issue and did not assume the risk.

Although the evidence did not establish that the negligence of Douglas Misterek was the sole proximate cause of the accident, the evidence did establish negligence on his part which was more than slight and sufficient to bar his recovery as a matter of law. Generally, it is negligence as a matter of law to drive so fast at night that the driver is unable to stop in time to avoid a collision with an object on the road which is within the range of his headlights. *McClellen v. Dobberstein*, 189 Neb. 669, 204 N.W.2d 559 (1973). Although the Vencil automobile was maroon in color and unlighted, and there was some evidence it was dirty, there was an additional circumstance in this case which required Misterek to exercise greater care in approach-

ing the scene of the accident. Misterek had observed the flashing lights on the patrol car for approximately a mile and had reduced his speed because he was aware that some type of an emergency situation might have occurred on the highway. Under these circumstances, his failure to see the Vencil vehicle, which he claimed was directly in front of him, was sufficient negligence to bar his recovery as a matter of law.

Since the trial court did not separate the damages awarded in the Cynthia Misterek action, it is necessary to remand that action for further findings with directions to reduce the award by the amount of damages, if any, which were awarded by reason of the cause of action assigned by Douglas Misterek.

The judgment of the District Court in the action brought by Daniel Drawbridge is affirmed. The action brought by Cynthia Misterek is remanded to the District Court for further proceedings in accordance with this opinion.

JUDGMENT IN DRAWBRIDGE V. DOUGLAS COUNTY AFFIRMED.

CAUSE IN MISTEREK V. DOUGLAS COUNTY REMANDED WITH DIRECTIONS.