JOHN J. LOONEY AND JUDITH C. LOONEY, APPELLANTS, V. WILLIAM PICKERING AND MARY ANN PICKERING, DOING BUSINESS AS MAR ENTERPRISES, APPELLEES.

439 N.W.2d 467

Filed May 5, 1989.    No. 87-737.

Jeffrey A. Silver, of Silver and Wieland, for appellants.

John W. Iliff, of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellees.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and NORTON, D.J., and RONIN, D.J., Retired.

HASTINGS, C.J.

The plaintiffs-appellants, John J. and Judith C. Looney, brought their action in the county court for Douglas County, alleging negligence by the defendants-appellees, William and Mary Ann Pickering, doing business as Mar Enterprises. The county court dismissed the plaintiffs' petition at the close of the plaintiffs' case. On appeal to the district court for Douglas County, the dismissal was affirmed.

> In considering a directed verdict or motion to dismiss at trial, this court has held: " '. . . [T]he trial court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. . . . Moreover, in considering the evidence for the purpose of ruling on such a motion, the party against whom the motion is made is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can be reasonably drawn from the evidence; if there is any

evidence in favor of the party against whom the motion is made, the case may not be decided as a matter of law.' " *Delgado v. Inryco, Inc.*, 230 Neb. 662, 666, 433 N.W.2d 179, 182-83 (1988), quoting *Topil v. Hub Hall Co.*, 230 Neb. 151, 430 N.W.2d 306 (1988), and *Tiede v. Loup Power Dist.*, 226 Neb. 295, 411 N.W.2d 312 (1987). We reverse and remand with directions.

Plaintiffs were the owners of a family-purpose automobile. On July 10, 1986, the plaintiffs' son John was driving that automobile south on 90th Street in Omaha in the area between Pacific and Center Streets. At that point, 90th Street is a four-lane paved street running north and south, and no-parking signs are posted on the west side of the street. The plaintiffs' son was proceeding in the westernmost or right-hand lane. He was following an Omega automobile, which in turn was behind a van. Traffic was moving at a speed of between 30 and 35 miles per hour.

The plaintiffs' son observed first the van and then the Omega move suddenly from the outside lane to the inside lane. He looked in his rearview mirror to see if he could also change lanes. He observed another automobile coming alongside his car on the lefthand side, and, in his opinion, he could not safely change lanes. He applied his brakes, but was unable to avoid colliding with the rear end of the defendants' truck and trailer, which were parked in the curb lane. Besides being parked in a "no parking" zone, neither the truck nor the trailer was equipped with emergency flashers, nor were there any other signs, flags, or flares to warn approaching traffic that the truck and trailer were stopped.

In dismissing plaintiffs' petition, the trial court stated: "Mr. Looney, the Court finds that the negligence of the defendant herein was not the proximate cause of the accident as your son was guilty of negligence more than slight in the thing." From this statement, it is difficult to determine if the trial court based its decision on the theory that the contributory negligence of the plaintiffs' driver was imputed to the plaintiffs and was sufficient as a matter of law to bar recovery, or whether the court found that the negligence of plaintiffs' son was the *sole* proximate cause of the accident.

Regarding the imputation of a family-purpose car's driver's negligence to the owner of the vehicle, the most recent Nebraska case on this point is *Paprocki v. Stopak*, 213 Neb. 523, 330 N.W.2d 475 (1983). This court stated at 525-26, 330 N.W.2d at 476-77:

> [T]he negligence of the family-purpose driver is not ordinarily imputed to the family-purpose owner in an action by the owner against a third party for the owner's own injuries or property damage. See *Bartek v. Glasers Provisions Co., Inc.*, 160 Neb. 794, 71 N.W.2d 466 (1955).
>
> The underlying purpose of the family-purpose doctrine is to provide financial responsibility for the negligent acts of family members which cause damage to third parties. Such a purpose is not present when the owner of a family-purpose car sues to recover his own damages caused, or jointly caused, by the negligence of third parties. See 2 Harper & James, Law of Torts § 23.6 (1956).

In *Bartek v. Glasers Provisions Co., Inc.*, 160 Neb. 794, 71 N.W.2d 466 (1955), the plaintiff owned the automobile which was being driven by her husband when it was involved in a collision with the defendants' vehicle. The jury returned a verdict for the plaintiff for her injuries and damages to her automobile. On appeal, the defendants contended that the trial court erred in not instructing the jury on the contributory negligence of the plaintiff's husband, which it was argued was imputed to the plaintiff.

The *Bartek* court rejected that position, stating:

> The family purpose doctrine does not have for its objective the purpose of defeating a claim for damages by a guest by imputing the negligence of a driver to such guest but rather to impose upon the owner of a car being used for family purposes the responsibility for its operation as a matter of public policy.

*Id.* at 802, 71 N.W.2d at 473.

*Bartek* is annotated at Annot., 8 A.L.R.3d 1191 (1966), where additional cases may be found supporting the Nebraska rule. Also, cases are reported there which have applied the so-called "both ways" test, concluding that if the negligence of the driver is imputed to the owner in a suit by third parties, it is

also applicable in suits by the owner against the third party. At common law, of course, ordinarily a bailor would not be liable for the negligence of the bailee, nor would the negligence of the latter be imputed to the bailor.

In Restatement (Second) of Torts § 485, comment *d.* at 542-43 (1965), the following may be found:

> For example, there are statutes which make the owner of an automobile liable as a defendant for any harm done to others by the negligence of any one driving it with the consent of the owner. If the purpose of such a statute is found to be to make the owner responsible in all respects for the negligence of the driver, it may be construed to impute the negligence of the driver to the owner to bar his recovery for harm to the automobile. On the other hand, if the purpose of the statute is found to be merely to give greater opportunity for recovery to third persons injured by the negligent operation of automobiles, by affording an action against a financially responsible defendant, it may be construed to have no such effect in imputing the negligence to the owner to bar his own recovery.

Although the foregoing language was not directly related to the family-purpose doctrine, its reasoning certainly would be applicable in those jurisdictions where the doctrine was imposed by statute. There is no logical reason why the same cannot also be said of states like our own in which the doctrine was adopted by judicial fiat.

The family-purpose doctrine in Nebraska apparently originated in the case of *Stevens v. Luther*, 105 Neb. 184, 186, 180 N.W. 87, 88 (1920), wherein this court stated:

> The question [liability of father for negligence of daughter driver] presented by defendant is new in this jurisdiction. But by the weight of authority, in the jurisdictions where the question has been determined, the owner of an automobile kept for family purposes is liable for injuries inflicted upon a stranger as a result of the negligent driving of one of his children, where the car is occupied by members of the family and is being used for one of the purposes for which it is kept.

It is therefore apparent that the rule developed in this state had

for its purpose not the making of the owner "responsible in all respects," but, rather, the providing of financial responsibility to third persons injured through the negligence of financially irresponsible automobile drivers. As stated in *Christensen v. Hennepin Transportation Co. Inc.*, 215 Minn. 394, 413, 10 N.W.2d 406, 417 (1943), "The very reason for holding the consenting owner liable for negligence of the operator of his automobile, that of furnishing financial responsibility to an injured party, is completely absent in the owner's action to recover for damages" done to his car by a negligent third party.

The defendants concede that the rule in Nebraska does not impute the contributory negligence of a family-purpose driver to the owner of an automobile in an action by the latter to recover his or her damages caused by the negligence of a third party. However, they argue that their action in parking the truck and trailer was not a proximate cause of the accident. Rather, it is insisted, they only created a condition, and the negligence of plaintiffs' son was *the* proximate cause of the accident.

There was evidence from which it could be found that plaintiffs' driver was negligent as a matter of law. In *Vrba v. Kelly*, 198 Neb. 723, 725, 255 N.W.2d 269, 270 (1977), this court said: "When a driver cannot stop or turn aside in time to avoid a collision after a danger becomes apparent to him, he is negligent as a matter of law." Therefore, we must examine the actions of the defendants to determine whether they were guilty of any negligence proximately causing the collision, or whether the plaintiffs' driver's negligence was the *sole* proximate cause.

This court recently addressed intervening causes in *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988). Quoting from *Zeller v. County of Howard*, 227 Neb. 667, 419 N.W.2d 654 (1988), the court defined intervening cause in this way: " 'In negligence law, an efficient intervening cause is new and independent conduct of a third person, which itself is a proximate cause of the injury in question and breaks the causal connection between original conduct and the injury. . . .' " *Union Pacific, supra* at 174, 425 N.W.2d at 882. Quoting from 4 F. Harper, F. James & O. Gray, The Law of Torts § 20.5 (2d ed. 1986), the court continued:

"If the likelihood of the intervening act was one of the

hazards that made defendant's conduct negligent—that is, if it was sufficiently foreseeable to have this effect—then defendant will generally be liable for the consequences; otherwise he will generally not be, provided, of course, that the intervening force is a cause of the injury."

*Union Pacific, supra* at 175, 425 N.W.2d at 882.

This court also discussed efficient intervening causes in *Delaware v. Valls*, 226 Neb. 140, 144, 409 N.W.2d 621, 624 (1987):

We have defined an efficient intervening cause as a new and independent act, itself a proximate cause of an injury, which breaks the causal connection between the original wrong and the injury. [Citation omitted.] . . . The doctrine that an intervening act cuts off a tort-feasor's liability comes into play only when the intervening cause is not foreseeable. [Citation omitted.]

Thus, foreseeability is an important determinant of whether the defendants are relieved of liability for their own negligence by the intervening negligence of another. Accordingly, in order to uphold the court's dismissal of the plaintiffs' petition in this case, we must find that when the facts are viewed most favorably toward the plaintiffs, only one conclusion can be drawn: that plaintiffs' son's negligence was not foreseeable by the defendants. We cannot make that finding as a matter of law.

In *Johnson v. Metropolitan Utilities Dist.*, 176 Neb. 276, 125 N.W.2d 708 (1964), the defendant had parked its bulldozer 2 feet into the street. Glare from the sun, it was claimed, interfered with the plaintiff's driver's vision, and he hit the bulldozer. The passenger sued, and the court granted the defendant's motion for summary judgment. On appeal, the issue was whether the defendant's negligence was a proximate cause of the plaintiff's injuries. The defendant contended the bulldozer merely constituted a condition.

There is . . . a group of cases in which this court has held that where a party creates an obstruction upon a highway and fails to use due care to warn others of its danger, his negligence may be a proximate cause of the injuries to another. These cases generally have involved situations where the object or obstruction in the highway was not

readily visible or there was something which interfered with the vision of the persons approaching it. . . .

. . . [T]he doer of an original wrongful act that should reasonably cause one to anticipate an injury therefrom is not relieved . . . by an intervening cause, wrongful or otherwise, that is set into operation by such original wrongful act, and that alone would not have caused the injury, but which with the aid of the original wrong does cause such injury.

*Id.* at 280-81, 125 N.W.2d at 711. The court concluded that the defendant's negligence presented an issue of fact, and reversed the summary judgment.

The plaintiffs in *Drawbridge and Misterek v. Douglas County*, 209 Neb. 806, 311 N.W.2d 898 (1981), were passengers in a vehicle which collided with a disabled car which was parked partly on the pavement and partly on the shoulder. The plaintiffs sued the county, alleging the patrol officer from the sheriff's department had failed to adequately warn oncoming traffic of the parked car's presence. The court held, "A failure to so warn the traveling public is continuing negligence as distinguished from a condition. . . . The trial court could find, under the facts and circumstances in this case, that he [the officer] failed to use due care to warn approaching traffic . . . ." *Id.* at 810, 311 N.W.2d at 902.

In *Brown v. Nebraska P.P. Dist.*, 209 Neb. 61, 306 N.W.2d 167 (1981), the plaintiff sued the Nebraska Public Power District (NPPD) when a truck, whose driver was unable to see the plaintiff's vehicle because of dense smoke emanating from weeds being burned by NPPD employees, ran into her car. NPPD's defense was that the smoke merely created a condition. In reversing a judgment of the district court, which had granted NPPD's motion for summary judgment, this court said:

"The rule adopted in this state is: '. . . when one engaged in the lawful use of the highway causes an obstruction to be placed upon it in such a manner as to be dangerous to traffic, he must use ordinary care to prevent injury to others where he knows that said obstruction is calculated to do injury to travelers upon said highway. The negligence in such a case consists of having placed an

obstruction upon the street, and leaving it in such a manner as will be dangerous to others using the street.' . . ."

*Id.* at 65, 306 N.W.2d at 170. The court went on to explain that a finding of negligence on the part of the plaintiff or the truckdriver would not necessarily relieve NPPD of liability.

"Generally, the effect of an intervening negligent act is tested by determining whether it was such as might reasonably have been foreseen as a consequence of the claimed negligence of the original actor. . . . The law does not require precision in foreseeing the exact hazard or consequence which happens. It is sufficient if what occurs is one of the kind of consequences which might reasonably be foreseen. The question whether negligence is, in view of the intervening negligence of a third person, such a continuing and substantial factor in producing an accident as to be a proximate cause of the injury, is a question of fact, rather than a question of law."

*Id.* at 67, 306 N.W.2d at 171, quoting *Libbey-Owens Ford Glass Co. v. L & M Paper Co.*, 189 Neb. 792, 205 N.W.2d 523 (1973).

This court concluded that the question of whether NPPD placed a dangerous obstruction on the highway, thereby failing to use ordinary care to prevent injury to others, as well as the question of whether that negligence was a continuing and substantial factor in producing the accident so as to be a proximate cause of the injury, was a question of fact which should have been submitted to the jury.

The question of negligence on the part of plaintiffs' driver in this case presented a question of fact. Whether the acts of the defendants were negligent was also one for the trier of fact, as was the determination of whether plaintiffs' driver's negligence was a sufficient intervening cause so as to make his negligence the *sole* proximate cause of the accident. As we read the record, these determinations were not made by the trial court.

The judgment of the district court is reversed and the cause remanded with directions to the district court to remand the cause to the county court for a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.