KEARNEY CENTRE INVESTMENTS, LTD., A NEBRASKA LIMITED PARTNERSHIP, APPELLEE, V. H. DALE THOMAS AND H. PETER WATSON, APPELLANTS.

424 N.W.2d 620

Filed June 24, 1988.    No. 86-594.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellants.

Daniel M. Placzek, of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and NORTON, D.J.

NORTON, D.J.

This appeal is the result of a decision rendered by the district court for Hall County in a case involving an action at law to collect damages for the breach of a lease. It was alleged that the defendants were guarantors of the lease. Trial was to the court. Following the conclusion of the trial, the district court found that the plaintiff should be awarded damages against the defendants in the sum of $38,750.41, together with prejudgment interest, and interest thereafter at the highest legal rate. We affirm.

In early 1980, Heritage Investments II was the owner of property being developed as a shopping center at 3708-12 North 2d Avenue in Kearney, Nebraska. In February of that year, Randy VanWinkle, on the behalf of Heritage, entered into negotiations with the defendant H. Dale Thomas to lease bays 5, 6, and 7 of that development property from Heritage. At that time, Thomas, his wife, and H. Peter Watson were the sole shareholders of Lin-Dale Corporation, a fabrics business, which operated retail businesses under the name of World of Fabric.

Following the negotiations between VanWinkle and Thomas, lease forms were prepared. While there is some confusion and a dispute in the evidence, it would appear that at least two copies of a proposed lease were forwarded to the defendants for their consideration. Eventually, at least one completed form was returned to VanWinkle. The pleadings disclose that three petitions were filed. The original petition has attached thereto a copy of a signed lease between Heritage and World of Fabric, dated March 27, 1980. This lease is not fully notarized. The tenant's signature appears as "World of Fabric by H. Peter Watson." The evidence discloses Watson was the president of Lin-Dale Corporation at that time. Attached to this lease is a guaranty dated March 27, 1980, and signed by H. Peter Watson and H. Dale Thomas, the defendants-appellants.

This guaranty has no name inserted in the blank provided for the name of the lessee. It does, however, identify the property in question, the lease term, and the amount of the rentals. That guaranty also contains the following specific language:

> The undersigned do hereby expressly guarantee to the Lessor, its successors and assigns, the prompt payment by the Lessee of the rent and the faithful performance by the Lessee of each and all of the terms, covenants and conditions of said lease required to be performed by Lessee.
>
> . . . .
>
> The obligations of the undersigned hereunder shall be joint and several.

Prior to trial an amended petition was filed. Attached to that petition was a copy of the same lease as it appeared as an attachment to the original petition, except that in this instance the lease was signed by H. Peter Watson as president of Lin-Dale Corporation and his signature was notarized under date of March 21, 1980. The date of the lease is shown as March 27, 1980. This lease has attached to it a signed guaranty form identical in all respects to the one attached to the original petition, with the exception that this guaranty form is dated March 21, 1980. The originals of this lease and guaranty were offered and received in evidence.

Subsequent to trial a second amended petition was filed. Attached to this petition was a copy of the lease and guaranty as attached to the original petition.

After the execution of the lease forms, Lin-Dale Corporation, doing business as World of Fabric, opened a retail outlet in the premises leased. In August of 1981, through an instrument entitled assignment and assumption agreement, Heritage assigned to Kearney Centre Investments, Ltd., the plaintiff-appellee in this case, all of Heritage's "right, title and interest, as Lessor, under each of those certain leases identified in Schedule 'A' hereto attached . . . pertaining to a portion of certain premises . . . which premises are legally described in Schedule 'B' hereto attached . . . ." Schedule A refers to a lease, among others, with World of Fabric, the term of which coincides with the lease introduced into evidence. The

assignment and assumption agreement was introduced and received into evidence.

In June of 1984 the lessee defaulted in the payment of rent, and this suit followed. During the course of the trial there was a sharp dispute in the evidence surrounding the execution of the lease and guaranty, the effect of the guaranty, and whether the plaintiff was the real party in interest. Following entry of judgment the defendants appealed, assigning four errors, to wit:

(1) The court erred in not finding that the guaranty was void because it was an incomplete document.

(2) The court erred in finding that the defendants-appellants received consideration for the execution of the guaranty.

(3) The court erred in finding that the plaintiff-appellee was the real party in interest.

(4) The court erred in failing to sustain the defendants-appellants' motion to dismiss at the close of plaintiff-appellee's case.

Defendants had filed an answer to the amended petition and an amended answer to the original petition. In their answer the defendants admitted that a lease agreement was entered into between Heritage and Lin-Dale Corporation, doing business as World of Fabric. They alleged in their amended answer that this occurred on March 7, 1980. They denied the execution of the guaranty agreement on March 27, 1980.

During the course of the trial Randy VanWinkle testified that he prepared both the lease and guaranty and that these were forwarded by mail to the defendants in the latter part of February 1980. In response he received back a lease form with some changes noted. Corrections were made and a proposed revised lease was delivered personally to Thomas, who was then in Colorado Springs, Colorado. VanWinkle further testified that the revised lease had attached to it the guaranty form and that he received the lease back from the defendants about the end of March 1980, together with a deposit check dated March 21, 1980. He noted that the guaranty had been signed but that the lease itself had not been executed. On March 28, 1980, he returned the lease to the defendants for their signature. Prior to returning the lease he inserted the date of March 27, 1980,

which he testified was the date of his acceptance. When this lease was returned to him it was signed by Watson as president of Lin-Dale Corporation with the notarial clause completed under date of March 21, 1980. VanWinkle also testified that he would not have leased the premises to Lin-Dale without a written guaranty from Watson and Thomas.

The defendants acknowledged the execution of the lease, but denied that the guaranty was attached at that time. They further alleged that it was received sometime later as a separate instrument with the request that it be signed by them to assist Heritage in securing permanent financing for the development project and that they received no consideration for the execution of that separate instrument. The evidence discloses that at one point prior to trial Watson denied ever having executed the guaranty, alleging that his signature was a forgery. He later recanted during trial and admitted the execution of the guaranty, but continued to deny that it was a portion of the lease that was executed.

During cross-examination of defendant Thomas, the plaintiff introduced in rebuttal the amended answer of the defendants. In that amended answer the defendant Thomas admitted that he executed the guaranty on March 21, 1980. In further rebuttal VanWinkle testified that permanent financing for Heritage had been arranged sometime prior to the lease transaction with the defendants.

In an action at law tried without a jury, it is not the role of this court to resolve conflicts in or reweigh the evidence, and this court will presume that the trial court resolved any controverted facts in favor of the successful party and will consider the evidence and permissible inferences therefrom most favorably to that party. *Kubista v. Jordan*, 228 Neb. 244, 422 N.W.2d 78 (1988).

In the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are, in the eyes of the law, one instrument and will be read and construed together as if they were as much one in form as they are in substance. *Lauritzen v. Davis*, 214 Neb. 547, 335 N.W.2d 520 (1983).

The defendants' first assignment of error is that the guaranty was void because it was an incomplete document. The evidence is in dispute over the execution of the guaranty. However, there is sufficient evidence for the trial court to have found that this instrument was physically attached to the lease between Heritage and Lin-Dale Corporation at the time that it was executed by the lessee. As such, it became a part of the lease. The fact that the name of the lessee did not appear in the body of the guaranty is of no material consequence. By reading both documents as one instrument, there could be no question that the guaranty was given by Watson and Thomas to guarantee the performance of Lin-Dale Corporation, doing business as World of Fabric. Moreover, there is sufficient evidence for the trial court to have found that the lease and guaranty were executed in the course of the same transaction, and at the same time. The first assignment of error is without merit.

The defendants' second assignment of error is that Watson and Thomas received no (separate) consideration for the execution of the guaranty. There is sufficient consideration for a promise if there is any benefit to the promisor or any detriment to the promisee. *Blanchard v. White*, 217 Neb. 877, 351 N.W.2d 707 (1984). The consideration received in this instance was the acceptance of Lin-Dale Corporation as a lessee. Without the guaranty, VanWinkle testified that the lease would not have been accepted. Thus, there was a definite benefit to the promisors. The second assignment of error has no merit.

The third assignment of error is apparently based upon the fact that two separate lease forms were identified at trial, and, in view of the conflict over the time of execution of the lease and guaranty, together with the fact that the assignment and assumption agreement does not identify which forms were assigned, an effective transfer of Heritage's rights to the plaintiff could not have occurred. This contention was answered in part by the defendants themselves when they admitted the existence of the lease with Lin-Dale Corporation. From all of the evidence and the findings of the trial court it can be inferred that the trial judge concluded that the guaranty was physically attached to that lease at the time of assignment, and

if the lease was then assigned, so was the guaranty.

The defendants further complain that the assignment is made to "Kearney Centre Investors, Ltd.," and that the plaintiff appears as "Kearney Centre Investments, Ltd." This issue was neither raised by the pleadings nor discussed at time of trial. There can be no error on the part of the trial court if an issue has not been presented and a decision rendered thereon. This complaint has no merit and will not be discussed further.

The plaintiff is the real party in interest, and defendants' third assignment of error is without merit.

Finally, for their fourth assignment of error, the defendants allege error on the failure of the trial court to sustain their motion to dismiss at the close of the plaintiff's case. An examination of the pertinent evidence, and the inferences which could be reasonably drawn therefrom, shows that the plaintiff had established a prima facie case at that point. The trial court was correct in overruling defendants' motion.

The findings and judgment of the trial court are affirmed.

AFFIRMED.