JOHN PREISENDORF, JR., APPELLEE, V. GALE METTENBRINK AND LADONNA METTENBRINK, HUSBAND AND WIFE, APPELLANTS.
441 N.W.2d 203

Filed June 16, 1989.   No. 87-963.

William A. Francis, of Cunningham, Blackburn, Livingston, Francis, Cote, Brock & Cunningham, for appellants.

Thomas L. Kovanda, of Anderson, Vipperman, Hall, Kovanda & Wetzel, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Gale and LaDonna Mettenbrink, husband and wife, appeal a decision of the Hall County District Court after a bench trial that they owe $13,500 for the extension of an option to buy farmland owned by John Preisendorf, Jr. We affirm with directions.

In an action at law tried to the court, the trial court's factual findings have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong. In reviewing the trial court's judgment in an action at law tried to the court, the Supreme Court does not reweigh the evidence but, instead, considers the judgment in the light most favorable to the successful party, with conflicts resolved in favor of the successful party, who is entitled to the benefit of every inference which can be reasonably deduced from the evidence. *Stiles v. Skylark Meats, Inc.*, 231 Neb. 863, 438 N.W.2d 494 (1989); *State v. Smith*, 231 Neb. 740, 437 N.W.2d 803 (1989).

In January of 1975, Preisendorf leased 560 farmland acres for 5 years to Gem Cattle Company, Inc. Between 1975 and 1980, by agreement, a quarter section of the property was sold. In 1980, Gale Mettenbrink, who was one of the owners of Gem Cattle, personally obtained the option to purchase the remaining Preisendorf farmland. The option on the remaining farmland was to be exercised by Mettenbrink between January 1 and May 1 of 1980.

In December of 1979, Preisendorf received a letter from Mettenbrink's then partner, Calvin Fryar, indicating an intention to exercise the option. Preisendorf forwarded requested documents to Fryar's attorney in Texas. In the meantime, Mettenbrink bought Fryar's interest in the option. Preisendorf received no further indication that Mettenbrink intended to exercise the option until after the May 1 deadline had passed. Sometime after May 1, 1980, Mettenbrink contacted Preisendorf about exercising the option. Preisendorf was reluctant to extend the option period.

In 1976, Preisendorf had installed irrigation equipment for

Mettenbrink. The bill for this equipment installation was eventually paid by Niels McDermott, another partner of Mettenbrink's, after Preisendorf agreed to discount the amount owed. Also, during the term of the lease, Preisendorf agreed not to cash several lease payment checks until Mettenbrink told Preisendorf there was sufficient money in Mettenbrink's bank account to cover them. All of the lease checks were eventually "made good"; however, inability to cash the checks caused Preisendorf to twice threaten foreclosure. Because of past difficulty in collecting payment from Mettenbrink, Preisendorf was reluctant to extend the option period. He relayed his reluctance, and the reasons therefor, to Mettenbrink. Eventually, the parties agreed by telephone and in person that Mettenbrink would pay an additional sum for the option.

On May 13, 1980, Mettenbrink arrived at Preisendorf's farm and ultimately gave Preisendorf a check for $13,500. LaDonna Mettenbrink signed as the check's maker. Preisendorf agreed to "hold the check" until Mettenbrinks had money to cover it. After several attempts to collect, and reassurance by Mettenbrink that the check would be paid, Preisendorf presented the check to the bank for payment. He was informed that Mettenbrink had stopped payment on the check. This suit followed.

Mettenbrink testified he stopped payment on the check because his records disclosed that his irrigation equipment account with Preisendorf had been paid in full. He said that he had received no bills from Preisendorf for several years. Mettenbrink testified that at the time he gave Preisendorf the check, he thought that the account was paid in full. Mettenbrink admitted that he paid the $13,500 because Preisendorf wanted more money, since the option deadline had passed.

After receiving the check from the Mettenbrinks, Preisendorf executed the deed to the property and instructed his wife to sign and deliver the deed to a local bank. At the bank, Mrs. Preisendorf received a cashier's check for $50,298, the amount stated on the deed. That same day, Mettenbrink transferred the property to his parents, Mr. and Mrs. Elmer Mettenbrink. The deed recited consideration of $123,000.

The court found that the parties entered into a separate agreement whereby Preisendorf agreed to renew the option and Mettenbrink agreed to pay an additional $13,500. The trial court also found that the agreement was supported by sufficient consideration. Judgment was entered in favor of Preisendorf in the amount of $13,500.

On appeal, Mettenbrinks assign three errors: (1) that the evidence is insufficient to support the findings of the trial court; (2) that there is no consideration for the $13,500; and (3) that the doctrine of merger should apply to defeat Preisendorf's claim.

In their pleadings in the district court, Mettenbrinks did not allege merger as an affirmative defense. The trial court made no ruling on whether the doctrine applies in this case. Defenses not raised or litigated in the trial court cannot be urged for the first time on appeal. *Guaranteed Foods v. Rison*, 207 Neb. 400, 299 N.W.2d 507 (1980); *Smith v. Wrehe*, 199 Neb. 753, 261 N.W.2d 620 (1978). See, also, *Fredericks v. Western Livestock Auction Co.*, 225 Neb. 211, 403 N.W.2d 377 (1987).

The trial court did not err in failing to apply the doctrine of merger.

Mettenbrinks also claim as error the trial court's finding that Preisendorf agreed to renew the land option in exchange for $13,500. The appellants attempt to characterize the payment as one for irrigation services they had already paid in full. Mettenbrinks argue that the evidence is conflicting regarding the purpose for the $13,500 payment. However, both parties testified that Preisendorf wanted the additional money in exchange for renewing the option.

The record indicates that Preisendorf had performed many favors for Mettenbrink, several of which were costly for Preisendorf. He was not willing to extend another favor without receiving compensation. Mettenbrink admitted that Preisendorf told him he had lost money on the irrigation services and that he wanted extra money because the May 1 deadline had passed.

It is clear from the record that both parties understood the $13,500 payment was in exchange for renewing the option. Any conflict in the evidence was resolved by the trial court in favor

of Preisendorf, and that resolution is not clearly wrong. The trial court did not err in finding that Preisendorf agreed to renew the option in exchange for $13,500.

Finally, Mettenbrinks assert that the court erred in finding that there was consideration for the $13,500 payment. There is sufficient consideration for a promise if there is any benefit to the promisor or any detriment to the promisee. *Kearney Centre Inv. v. Thomas*, 229 Neb. 21, 424 N.W.2d 620 (1988); *Blanchard v. White*, 217 Neb. 877, 351 N.W.2d 707 (1984).

For there to be consideration for Mettenbrink's promise to pay $13,500, Mettenbrink must have received a benefit or Preisendorf a detriment. Clearly, Mettenbrink received a benefit in that Preisendorf renewed the land option. This renewal allowed Mettenbrink to purchase land he knew to be worth at least $100,000 for an amount less than half the land's actual value. The trial court did not err in finding that sufficient consideration existed for the $13,500 payment.

Both Gale and LaDonna Mettenbrink participated in and received the benefits of the renewed option. The court in its findings found both Mettenbrinks liable. It is plain from the record and evidence that the failure to place an s on the word defendant in the judgment portion of the decree was a typographical omission.

The decision is affirmed, but the trial court is ordered to enter judgment against both Gale and LaDonna Mettenbrink.

AFFIRMED WITH DIRECTIONS.